## HALL *et al.* v. HORTON.

1. **Evidence**: EQUITABLE ISSUE IN LAW ACTION: APPEAL. Where in a law action an equitable issue arises, and it is tried by the court without a jury, and the evidence on such trial is equally balanced, the party who has the burden of proof must fail, and he cannot in this court ask that on that issue evidence introduced in trial of the other issues before the jury be considered.

Hall v. Horton.

2. **Contract:** CONDITION PRECEDENT: WHAT IS NOT. In a contract for a lease the following language occurred: "The one hundred dollars to be paid on signing of said lease is to apply on first month's rent." There was no other reference to the one hundred dollars in the contract. *Held* that the payment of the one hundred dollars was not a condition precedent to the making of the lease; and that, as the contract was not ambiguous on that point, the fact that the proposed lessee paid the one hundred dollars before the lease was made did not show that it was the understanding of the parties that such payment was a condition precedent. (*Corbett v. Berryhill,* 29 Iowa, 158, and *McDaniels v. Whitney,* 38 Iowa, 60, *distinguished.*)

3. ———: TO MAKE LEASE: BREACH: DAMAGES. Where a contract for a lease provided for the payment by plaintiffs (lessees) of one hundred dollars upon the execution of the lease, and they paid fifty dollars, but, through no fault of theirs the lease was never executed, they were entitled to recover at least the fifty dollars paid by them.

4. **Instruction:** ERROR WITHOUT PREJUDICE. An instruction which submits a question not in issue is erroneous, but where, in view of the evidence, the error is against plaintiff only, defendant cannot complain.

5. **Contract:** TO MAKE LEASE: BREACH: MEASURE OF DAMAGES. While the measure of damages for a breach of contract to make a lease and put a tenant in possession, where no rent has been paid, is the remainder of the market rental, after deducting the agreed rental (*Alexander v. Bishop,* 59 Iowa, 572), yet other damages which are the direct and natural consequence of the breach of contract can be recovered. (*Adair v. Bogle,* 20 Iowa, 244.) And in this case, *held* that, for breach of contract to lease a hotel, plaintiffs were entitled to recover for their loss of time in waiting for the hotel, and for their expenses in coming from a distant state to the place where the hotel was, and for money paid under contract to a clerk whom they had employed and brought with them to aid in operating the hotel.

6. ———: ———: ———: EVIDENCE. Where, in an action for breach of contract to make a lease, the value of the lease was put in issue by the first count of the petition and the general denial of the answer, but plaintiffs offered no evidence to sustain that count, and evidence offered by defendant as to the value of the lease was not offered in rebuttal, and did not tend to sustain any affirmative defense pleaded, it was properly rejected.

7. ———: ———: ———: EVIDENCE OF PAYMENT. In such case, evidence which tended to show that plaintiff had made a payment on the lease by paying money to third parties on account of and for the benefit of defendant, and that it was made and received on the conditions authorized, was competent.

Hall v. Horton.

*Appeal from Polk District Court.*—Hon. Josiah Given and Hon. Marcus Kavanagh, Jr., Judges.

Filed, February 5, 1890.

Action to recover for money paid, and for damages alleged to have been sustained by reason of a breach of contract to lease certain property. The answer sets up various defenses, alleges a mistake in the contract upon which the action is brought, and demands that it be reformed. The equitable issue was tried by the court, Given, J., presiding, and a decree rendered in favor of the plaintiffs. The remaining issues were tried to a jury, Kavanagh, J., presiding, and a verdict and judgment rendered for plaintiffs. The defendant appeals from the decree and from the judgment.

*Read & Read*, for appellant.

*Phillips & Day*, for appellees.

Robinson, J. On the sixteenth day of May, 1887, the defendant entered into an agreement in writing with plaintiffs, J. C. Hall and H. H. Norton, whereby he agreed to rent to them the Capitol Hotel, in Des Moines, together with appurtenances and furniture, and a billiard-room, for the term of six years from the first day of June, 1887. The agreed rental was two thousand dollars a year for the first four years, and twenty-five hundred dollars a year for the last two years, payable monthly in advance, excepting the sum of five hundred dollars, which was to be paid by plaintiffs when they took possession of the leased property, and which was to apply on rent for the last three months. The agreement also contained the following provision: "The one hundred dollars to be paid on signing of said lease is to apply on first month's rent." The agreement was somewhat informal, and was designed to be succeeded by a formal lease. No lease

was ever executed, and the possession of the property in question was never delivered to plaintiffs. A few days before the date fixed for the commencement of the lease, the plaintiffs went to Des Moines, prepared to carry out the agreement on their part, and took with them a young man who had been engaged to act as clerk of the hotel. When the agreement was made, and when plaintiffs went to Des Moines to commence business, the hotel was occupied by a tenant of the defendant. He refused to surrender possession. Litigation to evict him followed, and he did not finally leave the property until September 20, 1887. When the agreement in suit was made, the plaintiffs were non-residents of the state; Hall being a resident of Indianapolis, and Norton of Chicago. Plaintiffs seek to recover for damages alleged to have been sustained by them through the fault of defendant, including loss of time and expenses. They commenced this action on the twenty-fourth day of August, 1887.

I. Appellant contends that a provision was agreed upon between the parties to the agreement which should have been included in the memorandum signed, but which was omitted therefrom by mistake. It is set out in the answer in words as follows: "The defendant agrees to use all reasonable effort to oust the present occupant from said hotel, so as to deliver possession thereof by the first of June, 1887, or as soon thereafter as possession can be obtained from Eyster." To sustain his claim in regard to the alleged mistake, the defendant introduced the testimony of the agent who negotiated and signed the agreement on his part. That is fully contradicted by the testimony of Norton, who acted for the plaintiffs. The burden of that issue being upon defendant, he must fail. It is said that his witness is corroborated by evidence that was submitted on the trial of other issues to the jury, but in deciding the issue under consideration we can only regard that evidence which was offered to support or refute it.

1. EVIDENCE: equitable issue in law action: appeal.

II. Appellant contends that the provision of the agreement in regard to the payment of one hundred dollars was a condition precedent, and that until it was complied with on the part of plaintiffs no liability was created, or could exist, on the part of defendant. We do not think the construction contended for is the correct one. The agreement contains no reference to the payment of the one hundred dollars,, excepting what we have quoted, which is: "The one hundred dollars to be paid on signing of said lease is to apply on first month's rent." There is nothing in this language to justify the claim that the lease was not to be signed until after the money was paid. On the contrary, it is apparent that it was to be at the time of the signing. Defendant could not legally demand the payment until he tendered a lease, duly made on his part, in accordance with the terms of the agreement in suit.

*2. CONTRACT: condition precedent: what is not.*

III. Appellant contends that, notwithstanding the language of the agreement, it should be construed as the parties by their conduct and actions interpreted it. It appears that after the agreement was signed the plaintiffs forwarded to defendant, at Rochester, Minnesota, the sum of fifty dollars, and paid on his account, to a firm in Chicago, the further sum of fifty dollars, as a compliance with the provision in question. Some question is made as to the right of plaintiffs to make the last-named payment. It is contended by appellant that it was not made by authority, but that, by making it, and by sending fifty dollars to him in Minnesota, the plaintiffs showed that they understood the money was to be paid before the lease was signed. The cases of *Corbett v. Berryhill*, 29 Iowa, 158, and *McDaniels v. Whitney*, 38 Iowa, 60, are relied upon as supporting that claim. But neither of those cases is authority for the proposition that the acts of the parties to an agreement will justify an interpretation which would be contrary to the intent of the parties, as clearly expressed in the language they have used. Where that language is so

ambiguous as to leave their intent in doubt, and different interpretations are permissible, recourse may be had to the circumstances surrounding the parties when their agreement was made, and to the construction they have placed upon it, as shown by their acts. But this is not a case of that kind. The language used is such that the doubt suggested by appellant cannot arise.

IV. The court charged the jury that it appeared from the evidence, without conflict, that plaintiffs were entitled to recover damages in the sum of fifty dollars at least, with interest. Appellant insists that there was conflict in the evidence, and that the question of plaintiffs' right of recovery should have been submitted to the jury. It is shown, without conflict in the evidence, that the agreement in suit was duly entered into by all the parties to it; that plaintiffs paid to defendant fifty dollars before they went to Des Moines, to apply on the lease; that plaintiff Norton went to Des Moines in the latter part of May, 1887, and that plaintiff Hall went there a few days later, and that both went there prepared to join in the execution of a lease, and to perform on their part all the requirements of the agreement in suit; that defendant tendered to them, for signatures, a lease which did not comply with the terms of the agreement, and which was refused by them; that plaintiffs then tendered to defendant a form for a lease which he refused to read, saying, in effect, that any necessary changes could be made on the lease he had drawn; that he made no further tender of a lease to plaintiffs until after this action was commenced; that the property in controversy was in the possession of a tenant named Eyster when plaintiff went to Des Moines, and that he remained in possession until the twentieth day of the next September; that defendant refused to pay the sum he demanded to vacate. In view of these undisputed facts, the court did not err in charging the jury as stated.

V. The evidence shows that the firm of Hook & Ward, of Chicago, made a charge against defendant for

<div style="margin-left:2em; font-size:smaller">3. ——: to make lease: breach: damages.</div>

Hall v. Horton.

**4. INSTRUCTION: error without prejudice.** services alleged to have been rendered in effecting a lease of the property in question to plaintiffs. After the agreement in suit was entered into, defendant authorized plaintiffs to pay Hook & Ward fifty dollars, if they would accept that sum in full of their demand against him. Plaintiffs paid the fifty dollars, as authorized, but the receipt which they first took did not express that the money was received in full payment of all claim for the services in question. Defendant refused to ratify the payment, on the ground that it was not made as required; and plaintiffs then obtained from Hook & Ward a receipt in full for their claim in consideration of the payment already made to them. The court charged the jury as follows: "If you should find from the testimony that the defendant in this case authorized the plaintiffs to pay fifty dollars to Hook & Ward upon account, then plaintiffs will be entitled, in like manner, to recover the fifty dollars so paid. But, if you should find that plaintiffs were authorized to pay said fifty dollars as settlement in full of the claim of Hook & Ward, then the plaintiffs will not be entitled to recover the fifty dollars so paid." Appellant complains of this instruction on the ground that the undisputed evidence shows that plaintiffs were not authorized to make the payment upon account. We think the change was erroneous in the respect claimed, at least; but the evidence shows without conflict that the money was received by Hook & Ward in full settlement of their claim, and the money was therefore paid on account, as directed. The instruction was of a nature to prejudice appellees, but not appellant..

VI. The court charged the jury that plaintiffs were entitled to recover the contract price for the services of the clerk they employed and retained, **5. CONTRACT: to make lease: breach: measure of damages.** with the knowledge of defendant, on account of the expected lease, and for the reasonable value of their own services while waiting for the hotel to open, prior to the commencement of this action, and for their reasonable personal

expenses in going to Des Moines to take charge of the hotel; also, that plaintiffs were entitled to recover for the service of plaintiff Norton up to such time as defendant tendered to him the hotel, if possession was tendered, and, if not, then the reasonable value of his time, less such sums as he had earned up to the time of trial, if he had made reasonably diligent and continuous effort to find suitable employment. This portion of the charge is objected to by appellant on the ground that the measure of damages for a breach of contract to make a lease and put a tenant in possession, where no rent has been paid, is the remainder of the market rental value after deducting the agreed rental; and the case of *Alexander v. Bishop*, 59 Iowa, 572, is cited in support of the objection. It is true the general rule is as claimed; but it was held in *Adair v. Bogle*, 20 Iowa, 244, that other damages, which were the direct and natural consequences of the breach of contract complained of, could be recovered. In this case the evidence shows that plaintiffs incurred much loss of time and expense to carry out their agreement, and that defendant must have known that it would be, and was being, incurred while he failed to comply with his part of the agreement. It is said that the agreement in suit was entered into by plaintiffs as copartners, and that they are not entitled to recover for loss of time and expenses incurred by them as individuals. But the expenses incurred, and the time spent, were for the benefit of the copartnership, and plaintiffs are entitled to recover for them. They do not bring the action as a firm, but as individuals composing the copartnership. Defendant is not interested in the division which they may make of the amount of their recovery.

VII. Appellant complains of the refusal of the court to permit him to show that the property in question was not favorably located to do a profitable business; that its patronage from the time it was constructed has been meager; that persons who have conducted it have lost money in so doing; that the patronage of the hotel would not pay a rental of two

6. ——:——:
——: evidence.

thousand dollars per year, and running expenses; that the rental value of the hotel would not exceed one hundred dollars per month; and that plaintiff could not have earned anything in addition to running expenses. Most of the evidence thus refused was of a purely speculative character, and for that reason was properly excluded. The value of the lease was put in issue by the first count of the petition and the general denial of the answer. But plaintiffs offered no evidence to sustain that count, and the evidence in question was not offered in rebuttal, and did not tend to sustain any affirmative defense pleaded. Therefore it was properly rejected.

VIII. Appellant insists that the court erred in permitting proof of the payment made by plaintiff to Hook & Ward, including the admitting in evidence of the second receipt, showing payment in full of the receiptor's claim against defendant. The evidence objected to was competent to show that money had been paid on account of and for the benefit of defendant, and the receipt showed that it was made and received on the conditions authorized. Therefore it was properly admitted.

7. ——:——: ——:evidence of payment.

IX. Other questions are discussed by counsel. Some of them are disposed of by what we have already said. Others refer to matters of minor importance, and none need be specifically referred to; but it is sufficient to say that we have examined all questions thus presented with care, and discover no error prejudicial to defendant. The judgment of the court is

AFFIRMED.