M. R. Dilly, Appellant, v. Paynesville Land Company, Appellee.

**LANDLORD AND TENANT:** Possession of Premises—Wrongful
1    Deprivation—Damages.   In working out the measure of damages for wrongfully depriving a tenant of the possession of leased premises, reserved *cash* rent must be compared with fair *cash* rental of the premises, and reserved crop rent must be compared with fair *crop* rental.   For instance, if the reserved cash rent be $10 per acre, and the fair cash rental be $12 per acre, then the damages are $2 per acre; if the reserved crop be 10 bushels per acre, and the fair crop rental be 12 bushels per acre, then the damages are 2 bushels per acre, which, when reduced to money value, represents the ultimate and required form of the damages.

**EVIDENCE:** Opinion Evidence—Competency of Expert—Lack of

2 **Knowledge of Material Condition.** An expert witness is not competent to testify to the value of a thing, when such value depends materially on a condition as to which the expert shows no knowledge.

PRINCIPLE APPLIED: A landlord rented the cultivated land of his farm at a stipulated rent, but as a further inducement, granted the *free* use of the pasture land to the tenant, stipulating, however, that such use should not interfere with any work which the landlord might want to do on or with the pasture land. The tenant was wrongfully deprived of the possession of the premises. In an action for damages, a witness testified as to the rental value per acre of the pasture land, without any knowledge, or showing as to what work the landlord contemplated with reference to the pasture land, or the effect of said work thereon. *Held*, the witness was not competent.

*Appeal from Harrison District Court.*—J. B. ROCKAFELLOW, Judge.

APRIL 1, 1918.

ACTION for damages consequent upon failure of tenant to obtain possession under lease, resulted in a directed verdict for plaintiff on first two counts of petition, and for defendant on last count, and judgment thereon. The plaintiff appeals.—*Affirmed.*

*Cochran & Barrett,* for appellant.

*C. W. Kellogg,* for appellee.

LADD, J.—On January 3, 1913, defendant leased to plaintiff, for a term of one year, commencing March 1, 1913, a quarter section of land. The latter undertook to pay defendant rent for same in manner following: that is to say, one half of all grain raised on said farm, to be delivered in the towns of "Orson and Pisgah, Iowa, on or before the 1st day of February, 1914, at the option of the party of the first part. This lease is only for the farm land on the above described land, but the said M. R. Dilly can use the pasture free of charge, not to interfere with any work that the said

first party may want to do on the land not now in cultivation." The tenant could not obtain possession, and recovery of damages was sought (1) for time spent in leasing another farm, (2) for work of plaintiff and team in dyking along the river, and (3) for the difference between the rent reserved in the lease and the market value of the use of the premises, on conditions specified in the lease. Only the last item is involved in this appeal, as verdict for the first two was directed for plaintiff. The rulings on the admissibility of evidence are not challenged in brief point or argument, nor by specific assignment of error, the assignment being of rulings found on "pages 5 to 32, inclusive." But the second assignment of error clearly raises the inquiry as to whether enough evidence remained in the record to have exacted the submission of the last item of damages to the jury. That the tenant may recover damages consequent upon being denied possession to which he is entitled under the lease, was settled in this state by *Adair v. Bogle,* 20 Iowa 238, and for this case, on the former appeal. *Dilly v. Paynsville Land Co.,* 173 Iowa 536. The measure of damages as determined by the last case is the difference between the rent reserved, if specified in money, or the fair value of commodity or share of products or crop, if so specified, and the fair value of the use of the premises during the term of the lease, if the latter exceeds the former, and in any event, at least nominal damages. See cases cited above; and also *Alexander v. Bishop,* 59 Iowa 572; *Hall v. Horton,* 79 Iowa 352. This is the measure; but, of course, it does not matter much in what manner it is attained. Suppose the evidence disclosed that the fair rental on shares was more than reserved in the lease, the same result would be reached by ascertaining the difference in share rent, and then the money value of such difference. Or suppose it should appear that the fair rental

1. LANDLORD AND TENANT: possession of premises: wrongful deprivation: damages.

of the cultivated land was the share reserved in the lease, then the difference would be the fair cash rental of the pasture land. In each of these methods, the result would be the same: i. e., the difference between the rental value reserved and the fair value of the use of the land for the term fixed. What the law exacts, as a measure of damages, is fair compensation for the injury done; and it is not a stickler as to the road pursued in order to reach that result.

The plaintiff testified that the reasonable rental value of the land, on the conditions specified in the lease for the term, was $1,000; that: .

"½ the crop raised on the place would be equivalent to $1,000; that that would not include the entire place. It includes about $1,200. At $5 per acre, the whole place would be $815. That is all at cash rental value. * * * Q. Did you consider, when you agreed to pay the Paynesville Land Co. ½ of the crop, ½ of the alfalfa, and ½ of the wild hay, delivered at Pisgah or Orson, that you were paying all that the 160 acres was worth, more or less? A. That was a fair rent. * * * The $1,000 I fixed was cash rent. In fixing $1,000, I do not include the pasture land. With it included, the value of the leased premises during the term, with all these conditions attached to the pasture land, would be $1,200 to $1,300."

Re-cross examination:

"Q. Mr. Dilly, you are now fixing a valuation as a basis on what you thought a tenant might make off the place if he went on there and farmed it himself, are you not? A. Yes, sir; and paid cash rent. I would make more money renting it for one half."

All of plaintiff's answers with reference to the rental property, based on a cash rental valuation, were stricken, on defendant's motion. The witness Lee estimated the rea-

2. EVIDENCE: opinion evidence: competency of expert: lack of knowledge of material condition.

sonable cash rental for the term at $6 per acre, but this was subsequently stricken, on motion.  This recital of evidence and the elimination of a large portion of it dispose of the contention that there was no error in directing a verdict.  Whether the rulings on the motions to strike the evidence and on objections to questions were erroneous, we express no opinion; for these rulings are not questioned in brief point or argument.  It may not be amiss to direct attention to the condition of the lease saying that it "is only of the farm land on the above-described land, but the said M. R. Dilly can use the pasture free of charge, not to interfere with any work that the said first party may want to do on the land not now in cultivation."  "Any work" must have been intended, else the use of the pasture would not have been given without compensation. No evidence of what "work" lessor intended to do, or to what extent it might interfere with the beneficial use of the 60 acres of pasture, was adduced; and, in the absence of such evidence or knowledge on the part of the witness, it was utterly impossible for a witness to estimate the value of the use thereof.  Suppose such work were breaking all the land, it would be useless for pasture; or suppose such work was to be in the way of laying tile drains, this would considerably impair its rental value.  If, then, the rental value of the cultivated land were such as specified in the lease, no basis for ascertaining the fair value of the pasture land on condition specified was submitted to any witness. Even though the court might well have been more liberal in its rulings in relation to the measure of damages, many of the rulings are to be justified, on the ground mentioned.

The evidence remaining in the record was not such as that directing a verdict was erroneous.—*Affirmed.*

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.