[No. 7022.   Decided April 1, 1908.]

M. A. BEEBE *et al.*, *Respondents*, v. JAMES TYRA *et al.*, *Appellants.*[1]

LANDLORD AND TENANT—LEASE—CONDITIONS—SALE OF LIQUOR— RIGHT OF SUBTENANT TO ENFORCE. A stipulation in a lease prohibiting the sale by the lessee of intoxicating liquors on the premises, and providing that the lease may be cancelled for violation of such clause, cannot be taken advantage of by a subtenant of part of the premises against the lessee and his other subsequent subtenants, where the first sublease did not provide against such sale in the other portions of the premises afterwards sublet; since the stipulation was a condition subsequent which could be waived, or only taken advantage of, by the original lessors, the objecting subtenants not being parties to the lease in question.

SAME—INJUNCTION—ESTOPPEL. A subtenant of part of leased premises is estopped to maintain a suit to enjoin the use of other portions thereof for saloon purposes, contrary to a provision running with the leased land, where the saloon was fitted up at great expense and allowed to run eleven months, during which time the saloon property changed hands several times, without any other objection than a letter, written before the saloon sublease was made, notifying the parties thereto of the stipulation in the lease prohibiting the sale of intoxicating liquors on the premises, and that the writers would hold the parties responsible for all damages if the terms of the lease were broken; since such equitable action must be seasonably commenced.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered June 25, 1907, in favor of the

[1]Reported in 94 Pac. 940.

plaintiffs, after a trial on the merits before the court without a jury, enjoining the maintenance of a saloon upon premises leased in part by the plaintiffs. Reversed.

*Post, Avery & Higgins* and *Horace Kimball,* for appellants.
*Samuel R. Stern,* for respondents.

CROW, J.—This action was commenced by Mrs. M. A. Beebe and Anna E. Covington, against James Tyra and Mary Tyra, his wife, H. L. Crosby, A. P. Lorsch, ——— Crocker, and Inland Brewing & Malting Company, a corporation, to enjoin the defendants from leasing or using a certain storeroom for saloon purposes or the sale of intoxicating liquors. On August 13, 1903, Nelson Clark and wife, being the owners of a lot in the city of Spokane, executed to one John H. Clemmer a lease thereon for the term of ten years from January 1, 1904, which lease permitted him to erect a business block on the premises, and contained the following stipulation:

"And also in consideration of said lease, said second party hereby covenants and agrees that he will not allow or permit said premises, or any part thereof, to be used for the sale or distribution of any kind of intoxicating liquors, or for any immoral purpose at any time during the said term of lease."

There was also included in the lease a forfeiture and reentry clause reading as follows:

"If at any time the said second party shall violate any of the conditions, terms or covenants of this lease, then this lease may, at the option of said first parties, be declared to be, and shall be, forfeited and the said first parties shall have the right to enter and take possession of said premises, all of which said premises shall thereupon then become the property of said first parties."

Clemmer built upon the lot a three-story brick block, the ground floor being suitable for business purposes, and the two upper floors for lodging house or hotel purposes. In February, 1904, Clemmer executed to the plaintiff Mrs. M. A.

Beebe a sublease for the two upper floors from March 1, 1904, to January 1, 1914, her lease containing the following stipulation:

"It is further understood and agreed that the party of the second part shall not knowingly rent said premises (second and third floors) for immoral purposes or for the sale of intoxicating liquors."

Plaintiff Anna E. Covington claims some interest in this sublease by assignment from Mrs. Beebe. In August, 1905, Clemmer sold and transferred all his interests in the lot, leases, and building to the defendant James Tyra, and on January 10, 1906, Nelson Clark and wife conveyed the lot to Tyra. At the time Tyra acquired these interests, he had knowledge of all covenants, conditions, and agreements contained in the lease from Clark and wife to Clemmer, and also in the sublease from Clemmer to plaintiff Beebe. Thereafter, on February 20, 1906, the defendants James Tyra and Mary Tyra, his wife, executed to the defendant corporation, Inland Brewing & Malting Company, a lease for the corner storeroom on the ground floor, for the term of two years, from March 1, 1906, and on November 23, 1906, executed to the same corporation a further lease extending its term to March 1, 1911. Neither of the two leases last mentioned contained any restrictions as to the sale of intoxicating liquors. The room was rented for saloon purposes, although the leases did not so recite. On March 1, 1906, the plaintiff Mrs. M. A. Beebe caused her attorneys to mail the following letter to the defendant James Tyra, which he received:

"Dear Sir:

"We are informed that you contemplate renting a part of your building, situated at the southwest corner of Lincoln street and First avenue, Spokane, Washington, known as 'The Lincoln,' for saloon purposes, and desire to advise you, as attorneys for Mrs. M. A. Beebe, that you will not be permitted to do so, as her lease prohibits the vending and selling of intoxicating liquors on the premises mentioned above. Mrs. M. A. Beebe will hold you liable for all damages, if the terms of the lease are broken."

On the same date she also caused her attorneys to mail the following letter to the defendant Inland Brewing & Malting Company, which it received:

"Gentlemen:

"We are informed that you are interested in placing a saloon in the building situated at the southwest corner of Lincoln street and First avenue, Spokane, Washington, known as 'The Lincoln,' and, as attorneys for Mrs. M. A. Beebe, beg to advise you that she holds a lease on a part of said building which prohibits the sale of intoxicating liquors in the above premises."

No further steps were taken by either of the plaintiffs to prevent the use of the storeroom for the sale of intoxicating liquors until the commencement of this action in March, 1907. The Inland Brewing & Malting Company, by its agents and sublessees, took possession of the storeroom, and without delay proceeded to equip it at heavy expense with fixtures and furniture suitable for a saloon business, which they continuously conducted for eleven months, when they were enjoined in this action. A temporary restraining order was first granted, and on the final trial a decree was entered permanently enjoining the defendants from conducting a saloon or selling intoxicating liquors in the storeroom during plaintiff's tenancy. The defendants have appealed.

The assignments of error present the single question whether the respondents are entitled to the injunction. They alleged and proved that the respondent Beebe knew Clemmer could not permit the sale of intoxicating liquors in any portion of the building, and that in leasing the two upper floors she relied upon that fact. She did not demand or secure from Clemmer any covenant or stipulation in her sublease that no liquors should be sold in other portions of the building not to be occupied by her. This action is now prosecuted by her and the respondent Covington to prevent the sale of intoxicating liquors, or the running of a saloon in the storeroom not covered by the sublease to Mrs. Beebe, but which is immediately below the rooms leased to her and in which she and

the respondent Covington are living and conducting a lodging house. There is no contract of any kind between the respondents, or either of them, on the one part, and the appellants, or any of them, on the other part.

It is apparent that, if respondents are entitled to any equitable relief, they must predicate their action therefor upon the stipulations of the lease from the Clarks to Clemmer, there being no conditions or covenants in the Beebe sublease prohibiting the sale of intoxicating liquors in rooms on the ground floor. We fail to see how the respondents can maintain such an action upon the Clark lease to which they are not parties. The stipulation in the Clark lease prohibiting any sale of intoxicating liquors in the building to be erected by Clemmer is not a covenant which can be enforced against the assignees of Clark and wife by parties occupying the position and contractual relations of respondents. In fact, the stipulation is not a mere covenant. It is a condition subsequent inserted in the lease for the personal benefit and protection of Clark and wife, which they could waive or, in the event of its breach, could enforce at their option, by forfeiture of the tenancy and action of unlawful detainer, or by an action in equity, or by an action at law for damages. Respondents were not parties to the original lease which contained the condition subsequent upon the performance of which Clemmer's term depended. The condition was not inserted for their benefit. No one can sue upon a covenant except the covenantee, the assignee of the covenantee, or some person for whose benefit the covenant was made. The Clarks were the covenantees. The respondents never made any contract with them, nor did they afterwards become their assignees. The entire title and interest of Clark and wife was sold and transferred to the appellants James Tyra and wife, who thereupon became their sole assignees.

There are cases holding that, when an owner subdivides a tract of land and adopts a general plan for its improvement, such as building houses of a certain quality or size, or for cer-

11—49 WASH.

tain uses, and to carry out such purpose inserts restrictions in his conveyances for the various subdivided tracts, such restrictions are for the benefit of the whole tract, and that the owners of any part thereof who acquired their interests from the original common grantor are entitled to an equitable action against other owners who have acquired like interests, to prevent any violation of the covenant or restriction. These cases hold that the covenant or restriction was for the benefit of each and all of the respective succeeding owners, and the authorities cited by the respondents to sustain their right to an injunction are cases of this character. There is manifestly no analogy between them and the cause now before us. The Clarks, in a single instrument, leased the entire property to Clemmer. There is no showing or evidence that they owned or retained other property in the same locality which respondents thereafter leased, or upon which there was any restriction as to the sale of intoxicating liquors. It is manifest, from the surrounding circumstances and the wording of the original Clark lease, that the lessors' only intention was to require an agreement from Clemmer for their personal protection and benefit, which they might at their option enforce or waive. Had the respondents desired to prevent the sale of intoxicating liquors in the storeroom on the ground floor, they should have taken the precaution to provide against it in their lease from Clemmer. Had they done this they would be entitled to a remedy the nature of which we are not now called upon to determine. Having failed to do so, they are without remedy.

Were it conceded, however, that the stipulation in the lease from Clark and wife was a covenant running with the land, the breach of which could be enjoined by the respondents as sublessees of only a portion of the premises, yet we think they are by their own conduct estopped from now seeking such equitable remedy. The appellants, by their answer, have pleaded such estoppel. The evidence shows that Tyra and wife first leased to the Inland Brewing & Malting Com-

pany on February 20, 1906; that the respondent Beebe had actual knowledge of such lease and the intended use of the storeroom; that she lived in rooms on the second floor; that the Inland Brewing & Malting Company at various times sublet to three different parties; that she knew the Inland Brewing & Malting Company was installing expensive furniture, fixtures, and equipment suitable only for a saloon; that after the saloon had been running without interruption for more than seven months, the appellants Tyra and wife extended the term of the Inland Brewing & Malting Company until March 1, 1911; that the saloon was permitted to run for nearly a year without interruption, and that, prior to the commencement of this action, no steps were taken by the respondents to prevent its installation or running, other than the mailing of the two letters above mentioned. Other acts of estoppel were pleaded and proven. If the respondents were entitled to enjoin the running of the saloon and the sale of intoxicating liquors, it was their duty to proceed promptly. Their failure must now be construed as a waiver of their right to do so. *Hall v. Wesster*, 7 Mo. App. 56; *Roper v. Williams*, 12 Eng. Ch. 18.

In *Whitney v. Union R. Co.*, 11 Gray 359, 71 Am. Dec. 715, 720, Bigelow, J., said:

"But it is very clear that a suit in equity to compel a compliance with such stipulations concerning the use of property must be seasonably commenced, before the persons in possession of the estate have expended money, or incurred liabilities in erecting buildings or other structures on the premises. It would be contrary to equity and good conscience to suffer a party to lie by and see acts done involving risk and expense by others, and then permit him to enforce his rights, and thereby inflict loss and damage on parties acting in good faith. In such cases a prompt assertion of right is essential to a just claim for relief in equity."

The mailing of the letters to the appellants Tyra and Inland Brewing & Malting Company was not such an action upon the part of respondents as would entitle them to a delay

of nearly twelve months before demanding an injunction. The Inland Brewing & Malting Company first placed one party in charge of the saloon business, who afterwards sold his interests to a second party, who in turn sold to a third party. The second and third parties, even though the terms of all the leases were known to them, must have concluded upon seeing the business in progress and uninterrupted that respondents' objections had been waived, and that they were entitled to act upon such conclusion.

The trial court erred in granting the temporary restraining order, and also in granting the permanent injunction. The judgment is reversed, and the cause remanded with instructions to dissolve the injunction and dismiss the action.

HADLEY, C. J. and MOUNT, J., concur.

FULLERTON, J.—I concur in the judgment on the first ground stated.

DUNBAR and RUDKIN, JJ., took no part.