[No. 13636.  Department One.  December 29, 1916.]

CHARLES E. SHEPARD, *as Trustee etc., Appellant*, v.
P. E. SULLIVAN *et al., Respondents.*[1]

LANDLORD AND TENANT—LEASE—COVENANTS—CONDITIONS.  A cove-
nant granting leased premises for the specific use of a saloon busi-
ness is not a condition subsequent for the benefit of the lessor which
could be waived at his option, and therefore not affected by a sub-
sequent act of the legislature making such lease unlawful; but is
a conveyance of a limited estate for a limited term which is termi-
nated by the prohibition act.

Appeal from a judgment of the superior court for King
county, Smith, J., entered May 27, 1916, upon sustaining
a demurrer to the complaint, dismissing an action for rent.
Affirmed.

*Shepard, Burkheimer & Burkheimer*, for appellant.

*Ryan & Desmond*, for respondents.

HOLCOMB, J.—This case involves a lease for a "first class
saloon" in the city of Seattle, and involves generally the same
questions considered in the cases of *The Stratford v. Seattle
Brewing & Malting Co., ante* p. 125, 162 Pac. 31, and *Aron-
son v. Sweeney, post* p. 698, 162 Pac. 35.

In this case, appellant, the lessor, makes the further con-
tention, in effect, that a lease for a term of years conveys an
estate in land, which estate cannot be destroyed by interven-
ing legislation prohibiting saloons, but such prohibition de-
stroys only the covenant for that specific use which is made
illegal by operation of law; that such a condition is a con-
dition for the benefit of the lessor, which he may waive or
forbear, or the law may annul, without in any way defeating
the demise of the estate in the land for the term.

*Beebe v. Tyra*, 49 Wash. 157, 94 Pac. 940, is cited and
relied on by appellant.  There we held that a stipulation in

[1]Reported in 162 Pac. 34.

a lease *prohibiting* the sale of intoxicating liquors by the lessee on the premises was a condition subsequent for the benefit of the lessors, which the lessors could waive, or in case of breach, enforce at their option. But the converse of that proposition is not true. Stipulations prohibiting certain uses of premises in leases are not the same as covenants granting the premises for specific uses. The former are certainly conditions for the benefit of the lessor, of his own choice; the latter are covenants to and with the lessee for his benefit and running with the estate; presumptively, the sole object of accepting the grant on the part of the lessee.

We grant that a lease is a conveyance, but it is a conveyance of a limited estate for a limited term with conditions attached. It is not, as appellant asserts, an executed contract. It cannot become wholly executed until the term expires and the conditions are fulfilled. The term may expire at the end of the stated term or it may be terminated sooner by lawful eviction; and one way in which lawful eviction may occur is by operation of law, against the consent of the parties.

If the condition under consideration, granting the demised premises for "a first class saloon, and not to be used for any illegal or immoral purposes," is a covenant it is a mutual covenant of the grantor and the grantee, and has not been, and cannot be, fully performed or executed. It is a covenant for the term and the term is interrupted, and neither can render further performance by reason of the contract being made illegal before the full performance of the covenant.

Thus we return to the consideration of the principles discussed in the preceding case of *The Stratford v. Seattle Brewing & Malting Co.* For the reasons therein stated, this case must follow that decision.

Judgment affirmed.

MORRIS, C. J., ELLIS, MAIN, and CHADWICK, JJ., concur.