Allen, J.
 

 The question of substance presented by. this record is whether, under Section 8621 of the General Code, as amended in 1925 (111 Ohio Laws, p. 104), an action to recover commissions based upon the securing of a tenant for the lease of real estate does not lie unless the contract to pay such commission is in writing.
 

 The statute, as amended in 1925, reads, in its material portions, as follows:
 

 “No action shall be brought whereby to charge the defendant, * # * upon an agreement, promise or contract to pay any commission for or upon
 
 *633
 
 the sale of an interest in real estate * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized.”
 

 The petition in this action, to which a demurrer was filed and sustained, sets up that in the month of June, 1925, the defendants orally employed the plaintiff, a real estate broker, to find and procure a tenant and lessee for their certain' premises in the city of Wooster, Ohio, and to pay him a commission therefor, and that the plaintiff accepted such employment. The petition then avers that the plaintiff found a tenant able, ready, and willing to make the lease, and notified the defendants of that fact, and that the lease in question was executed on or about the 30th day of July, 1926, with the same party with whom the plaintiff was negotiating for the making of the lease, and then prays for judgment in the amount of the commission, as alleged to have been agreed.
 

 The statute which is construed in this case took effect upon July 9, 1925. It constituted an amendment to the original statute of frauds, and included in that statute the following words:
 

 “Nor upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate.”
 

 It is in brief the argument of the defendant in error, and was so held by the Court of Appeals, that the word “sale” here means only the transfer for a consideration from one to another of the title of property sold, completely divesting the vendor
 
 *634
 
 of any interest in, or control over, the said property.
 

 With this , view of the statute we cannot agree. The statute qualifies the word “sale” by the words “of an interest in real estate.” The statute does not say “sale of a fee” or “sale of the whole interest of the vendor in real estate.” It says “sale of an interest in real estate,” and thereby expressly declares that the transaction for which the memorandum in writing is required is that of the transfer for a consideration of any. interest in real, property.
 

 This view; of the meaning of the words is borne out by their definition. In the Century Dictionary, the word “sale” is defined as meaning:
 

 “In law, a contract for the transfer of property from one person to another, for a valuable consideration.”
 

 That the execution of a lease constitutes a conveyance of an interest in real property is the almost universal judicial holding. Thus in 1 Tiffany, Landlord and Tenant, Section 16, p. 162, the rule is stated as follows:
 

 “Taking the most ordinary case of a lease, one for a term of years, it would generally be conceded that its effect is to create in the lessee an estate for years, a class of estate as well recognized at the present day, though not formerly, as an estate in fee simple or for life. So a lease for life undoubtedly creates an estate for life in the lessee. * . * * And a lease from year to year, or other periodic lease, creating as it does a term for at least one year or other period named, must also be regarded as creating an estate in the lessee.”
 

 
 *635
 
 This definition is supported by the following authorities, which are only a few of those available upon this question:
 

 “A ‘lease’ is a conveyance by the owner of an estate to another of a portion of his interest therein for a term less than his own, and it passes a present interest in the land for the period specified.”
 
 Chandler
 
 v.
 
 Hart,
 
 161 Cal., 405, 119 P., 516; Ann. Cas., 1913B, 1094.
 

 “Lease is conveyance of lands or tenements, usually in consideration of compensation, made for life, for years, or at will, but for less time than lessor has in premises, and creates an estate, and is not a mere contract.”
 
 In re Barnett,
 
 (C. C. A.), 12 F. (2d), 73.
 

 “A ‘lease’ is a conveyance of an estate in realty and divests the owner for a given time of a certain estate therein leaving in him the reversion.”
 
 Mat-tingly’s Ex’r.
 
 v.
 
 Brents,
 
 155 Ky., 570, 159 S. W., 1157.
 

 “A ‘lease’ is properly a conveyance of a particular estate in lands for life or for years, or at will where reversion is left in the grantor.”
 
 Chittim
 
 v.
 
 Gossett,
 
 228 S. W., 393.
 

 “A ‘lease’ is a conveyance, but it is a conveyance of a limited estate for a limited term with conditions attached, and is not an executed contract until the-term expires and the conditions are fulfilled.”
 
 Shepard
 
 v.
 
 Sullivan,
 
 94 Wash., 134, 162 P., 34;
 
 Powers
 
 v.
 
 Trustees of Caledonia County Grammar School,
 
 93 Vt., 220, 106 A., 836;
 
 Williams
 
 v.
 
 Randolph & C. Ry. Co.,
 
 182 N. C., 267, 108 S. E., 915;
 
 Mower
 
 v.
 
 Rasmusson,
 
 34 N. D., 233, 158 N. W., 261;
 
 Kavanaugh
 
 v.
 
 Cohoes Power & Light
 
 
 *636
 

 Corp.,
 
 114 Misc. Rep., 590, 187 N. Y. S., 216;
 
 Minneapolis Iron Store Co.
 
 v.
 
 Branum,
 
 36 N. D., 355, 162 N. W., 543, L. R. A., 1917E, 298;
 
 Texas Pacific Coal & Oil Co.
 
 v.
 
 Fox.
 
 (Tex. Civ. App.), 228 S. W., 1021.
 

 It would have been simple for the Legislature, if it had so desired, to limit the provisions of this statute to cases of conveyance of a fee or of the whole interest of the vendor in real estate, by using the appropriate words. When, however, it used the term “sale of an interest in real estate,” it evidently intended that the transactions required to be evidenced by writing should include the conveyance for a consideration of a lesser interest in real estate than that possessed by the grantor. The contention of the defendant upon this branch of the case must therefore be overruled.
 

 It is also urged that the petition shows here that the contract was made prior to the time that the statute went into force, and that therefore Section 8621, General Code, as amended, does not apply. However, the petition does not show that the contract was made before July 9, 1925, the effective date of the statute. It describes the ordinary transaction with a real estate broker, consisting of a naked authority to sell, which constitutes an offer upon one. side and the acceptance of the offer upon the other side by the doing of the act. Such a transaction is generally held to constitute a unilateral contract. The offer imposes no obligation upon the vendor before acceptance thereof. 1 Page on the Law of Contracts, Section 191, p. 285; 2 Mechem on Agency, Section 2429, p. 1998.
 

 
 *637
 
 This was the express holding in the case of
 
 Garfunkel
 
 v.
 
 Byck,
 
 28 Ga. App., 651, 113 S. E., 95, in which the Court of Appeals of Georgia upheld the ruling of the trial court on a demurrer to the petition. The petition set up that the plaintiffs were real estate agents in whose hands the defendants had placed certain real estate for sale, giving the plaintiffs exclusive authority to sell the same, and agreeing to pay a commission in the event of such sale. One of the grounds of the demurrer was that the petition failed to set forth any cause of action against the vendor because of the fact that the contract declared upon was void for the lack of mutuality. This branch of the demurrer was specifically sustained.
 

 The same ruling was made in the case of
 
 Barrington
 
 v.
 
 Dunwody,
 
 35 Ga. App., 517, 134 S. E., 130.
 

 As a mere naked authority to sell land does not constitute a contract, it is revocable at any time before the offer which is contained in the authority is accepted.
 

 “So an authority to sell land or other property, when not coupled with an interest, may be revoked at any time before the actual sale takes place • * 1 Am. & Eng. Enc. Law, 1216.
 

 “A unilateral agreement of a landowner constituting an exclusive agent for the sale of the land within a specified time, which agent is to receive a commission, regardless of who effects the sale, and is to be aided by the owner in making a sale, lacks mutuality, and hence is revocable at any time before the agent procures a purchaser.”
 
 Kolb
 
 v.
 
 Bennett Land Co.,
 
 74 Miss., 567, 21 So., 233.
 

 
 *638
 

 “A
 
 contract without consideration by a landowner, merely giving one the exclusive agency for a year to sell the land on commission, may be revoked prior to a sale, being without mutuality.”
 
 Jayne
 
 v.
 
 Drake,
 
 (Miss.), 41 So., 372.
 

 “1. By an authorization in writing by an owner of real estate, to a broker, to sell the same within thirty days, the owner does not relinquish his right to sell the property himself, independently of the broker; in such a case, the owner is not liable to the broker for commissions.
 

 “2.
 
 The authorization is not a contract, either express or implied. It is simply a naked, revocable power, an offer to pay for services when rendered, if performed before revocation.”
 
 Ettinger
 
 v.
 
 Loux,
 
 96 N. J. Law, 522, 115 A., 384, 20 A. L. R., 1265.
 

 To the same effect is
 
 Stensgaard
 
 v.
 
 Smith,
 
 43 Minn., 11, 44 N. W., 669, 19 Am. St. Rep., 205, in which the court say in the opinion, speaking of a written authorization to sell, which stated that a commission would be paid:
 

 “The plaintiff [the agent] did not * •* * obligate himself to do anything, and therefore the other party was not bound. * * * He can recover nothing for what he did, unless there was a complete contract.”
 

 See, also, the cáse of
 
 John E. De Wolf Co.
 
 v.
 
 Harvey,
 
 161 Wis., 535, 154 N. W., 988, in which it was held in the syllabus that a broker receiving defendant’s proposed contract for his services in finding a purchaser under the terms of the contract there by accepted and made the contract mutual.
 

 An extensive note upon this subject may be found in L. R. A., 1917E, at page 1040, in which
 
 *639
 
 the proposition is stated to be generally accepted that, before a broker has acted upon such a contract, it is generally held to be
 
 nudum pactum.
 
 See, also, Walker on Real Estate Agency, (2d Ed.), p. 40.
 

 Certain of the cases above cited cover the situation in which an exclusive authority to sell has been given by the vendor to the real estate broker. In our judgment, this fact does not alter the applicability of those decisions to the instant case. The petition herein does not set up that an exclusive authority to sell was given to the plaintiffs, and, for aught that appears, the property may have been listed with four or five different agents at the same time. However, whether the authority to sell is exclusive or not exclusive, the principle remains the same, that the contract is unilateral; that the acceptance is the doing of the act contemplated (in this case the securing of the purchaser), and that there is no mutuality, no consideration, and no binding obligation, and hence no contract prior
 
 tc
 
 that acceptance.
 

 Applying these well-established principles to tin case in hand, we find that in June, 1925, an offer was made by the defendant below. This offer was made before the amendment to the statute went into effect. However, the offer was not accepted until the purchaser was secured. The petition does not show that this purchaser was secured before July 9, 1925. In other words, the transaction did not become a contract, so far as the petition shows, until after the statute went into effect, and this contention must also be overruled.
 

 For these reasons, the judgment of the Court
 
 *640
 
 of Appeals must be reversed and the judgment of the court of common pleas must be affirmed.
 

 Judgment reversed and judgment of the court of common pleas affirmed.
 

 Marshall, C. J., Day, Kinkade and Robinson, JJ., concur.