### MOCK v. MITCHELL, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 8317. Decided Oct. 3, 1927.

First Publication of this Opinion

Syllabus by Editorial Staff.

257. COMMISSIONS.—For Sale of Real Estate—982 Quantum Meruit.

1. Verbal contract for commission for sale of real estate, not enforcible.

2. Plaintiff cannot recover on quantum meruit.

Error to Municipal Court.

Action dismissed.

Frank W. Emslie, Cleveland, for Mock.

Patterson, O'Brien & Holland, Cleveland, for Mitchell, et.

FULL TEXT.

VICKERY, J.

This cause comes into this court on a petition in error to the Municipal Court of the City of Cleveland, the purpose being to reverse a judgment that was rendered against the plaintiff in the court below.

It seems that the plaintiff, who was a real estate agent, brought his suit in the court below to recover a commission for the sale of real estate, and set up that it was a verbal contract, and that the contract appears to have been made since the legislature of Ohio passed the law which provided in effect that before any commissions could be recovered on a promise either express or implied, there must be a contract or memorandum in writing, authorizing the employment of the agent. In this case the statement of claim sets up that the contract was verbal, and it is sought to evade the effect of this statute by pleading upon a quantum meruit. If a man had a right of action on a quantum meruit, it would arise upon a contract either express or implied, whereby he was to have certain compensation, the amount not named, for selling the real estate of the man to be charged in this case, to-wit, the defendants. If, by suing upon a quantum meruit instead of upon the contract, recovery could be had upon a verbal contract for the sale of real estate if the work had been done, it would evade the very purpose for which the legislature, at the instance of the Real Estate Board of this City and elsewhere in the State, sought to have this law passed, to prevent suits of all kinds by persons who claimed a commission for the sale of real estate.

The 30th Ohio State is cited, where a boy was employed at the age of fifteen years, to work until he became twenty-one years of age, for a specific sum of money. He worked the entire time and then brought a suit to recover compensation, and the defense was that it was within the statute of frauds, or that part of it which provides that no contract that cannot be performed within a year can be enforced unless in writing, and it is manifest that a boy could not perform the services from fifteen to twenty-one in one year and, therefore, the defendant in that action claimed that he was not entitled to receive his pay.

Of course that is not tenable, because there was such a performance of the contract as would take it out of the statute, and furthermore our own Supreme Court has held that such a contract is not within the statute of frauds because the boy might die within a year, and then the contract would have been completed. So they have held that no contract for personal services, no matter how long it may run, is within the statute of frauds, for the reason that it may terminate by the death of either party during the year.

That is not parallel with the instant case. Usually the suits for commission were brought after the work had been completed, and some times three or four different agents would bring a suit for the commission for the same sale of the same piece of property, and it is to prevent that sort of thing that this act was passed, and to permit a party to evade it by a subterfuge by pleading a quantum meruit, is to defeat the very purpose of the statute. That being so, the statement of claim setting up that it was a verbal contract did not state a cause of action, and the demurrer was rightfully sustained.

We have said this much in this case because there seems to be an opinion abroad among the bar, that by suing upon a quantum meruit, one could evade the statute. This court has already held otherwise in another case, and

for that reason we have made the remarks that we have in this case, although it is not necessary for the determination of this case, because an examination of the transcript shows that the transcript was filed the 69th day after the motion for a new trial was overruled. The lawyer representing the plaintiff apparently had forgotten that there was a different rule with respect to filing a transcript from the Municipal Court, thinking it was 70 days. It is 70 days in the Common Pleas Court, but only 60 days in the Municipal Court, and as this transcript was not filed until the 69th day, the court has no jurisdiction over the matter, and it has been uniformly held that the filing of a transcript is jurisdictional and nothing will take its place, so we might have spared ourselves any further remarks in this matter and have contented ourselves with simply dismissing the action for failing to file a transcript, and that will be the order of the court.

The case will be dismissed for not filing a transcript within the required time.

(Sullivan, PJ., and Levine, J., concur in judgment.)