BURNSTINE *v.* RESLER.

(Decided January 5, 1928.)

*Messrs. Addison & Crooks,* for plaintiff in error.
*Messrs. Hedges, Hoover & Tingley,* for defendant in error.

KUNKLE, J. Plaintiff in error brought suit against defendant in error, and sought to recover judgment for $15,000 with interest. In brief, plaintiff in error in his petition claims that defendant in error employed him as his agent to find a purchaser

for the leases held by defendant in error on 26 drug stores, known as the Mykrantz Stores, together with the stock, surplus stock, and fixtures in said stores.

Plaintiff in error further claims that defendant in error fixed the price and the terms upon which he would sell the said leases, stock, surplus stock, and fixtures, and agreed with plaintiff in error that, if he would find a purchaser for said leases, stock, surplus stock, and fixtures at the price and upon the terms fixed by said defendant in error, or upon terms and at a price satisfactory to said defendant in error, he, the said defendant in error, would pay the plaintiff in error therefor the sum of $15,000.

Plaintiff in error claims that he found a purchaser who was willing, ready, and able to purchase said leases and stock at the price and upon the terms fixed by defendant in error, and at a price and upon terms satisfactory to defendant in error; that he notified defendant in error that he had found such purchaser, and introduced such purchaser to defendant in error, and said purchaser entered into a contract of sale satisfactory to defendant in error; that defendant in error promised and agreed that he would pay plaintiff in error for said services so rendered the sum of $15,000, which was the fair and reasonable value of such services; that he has demanded from defendant in error said sum for said services, but defendant in error has refused to pay the same or any portion thereof. To the petition of plaintiff in error the defendant in error filed an answer, in which he admitted that plaintiff in error demanded, and that he refused to pay to plaintiff in error, the sum of $15,000, and he denied each and every other allegation of the petition.

Upon the issues so joined the case was tried and submitted to a jury, with the result that the jury returned a verdict in favor of defendant in error. A motion for a new trial having been overruled, error is prosecuted to this court.

Counsel have favored the court with unusually exhaustive briefs covering the various questions raised. An examination of the bill of exceptions in this case satisfies the court that it will be unnecessary to determine some of the questions which have been so ably argued by counsel in their briefs.

Section 8621, General Code (111 Ohio Laws, 104), provides in part:

"No action shall be brought whereby to charge the defendant, * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in, or concerning them, nor upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate; * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

This amendment to Section 8621, General Code, which includes any promise or contract to pay any commission for or upon the sale of an interest in real estate, was passed March 27, 1925, approved April 9, 1925, filed in the office of the secretary of state April 10, 1925, and became effective July 9, 1925.

The petition in this case does allege that the plaintiff in error found a purchaser on or about July 1, 1925. The averments of the petition are denied by the answer. Therefore, we must look to the record

to ascertain the facts in this case. The plaintiff in error, among other things, testified to the following state of facts:

"Q. About when did you first take this matter up with Mr. Resler? A. The early part of June, 1925. * * *

"Q. Now over how long a period of time did you continue these negotiations between these parties relative to the sale of these stores? A. About six weeks, that is both negotiations. * * *

"Q. Did you know that to be a fact? A. I didn't see their bank account; in fact, I was not much interested in that, because Mr. Resler O. K.'d the plan; he was satisfied with Tobias Company; I wouldn't have spent six weeks on selling it. * * * "

This answer was ruled out, as not being responsive, but it repeats the claim of plaintiff in error as to the length of time he spent upon these negotiations, made elsewhere in the record.

On cross-examination the plaintiff was asked the following questions:

"Q. When did you first commence this negotiation with Mr. Resler? A. Some time in the early part of June. * * *

"Q. Well, now what was the date of that first meeting you had? A. Some time early in June.

"Q. And you kept on having conferences, did you, with Mr. Resler? A. Yes, indeed."

Mr. Resler, in his testimony, fixes the first conversation that he had with Mr. Burnstine as being on the 9th or the 10th day of June.

It is apparent from the record that the contract of sale upon which the plaintiff in error relies was entered into some time between the middle and latter

part of July, 1925. Plaintiff in error so testifies. In addition, he fixes the time when they first began negotiations as the early part of June, 1925. Mr. Resler fixes the date as of the 9th or the 10th of June. The plaintiff in error says he was negotiating in reference to this deal about six weeks, and that the arrangement was consummated from the middle to the latter part of July.

Section 8621, General Code, as amended by 111 Ohio Laws, 104, was in effect July 9, 1925, prior to the time plaintiff in error claims there was a meeting of the minds of the owner of the property and his prospective purchaser.

The Supreme Court, in the case of *Brenner* v. *Spiegle*, 116 Ohio St., 631, 157 N. E., 491, in the syllabus, holds:

"1. A lease of real estate is a conveyance by the owner of an estate in land of a portion of the owner's interest therein to the lessee for a term less than the owner's own, and it passes a present interest in the land. Such a conveyance for a consideration constitutes a sale of an interest in real estate.

"2. Under Section 8621, General Code, no action shall be brought whereby to charge the defendant upon an agreement, promise or contract to pay a commission for securing a tenant under a lease for years of real estate unless the agreement upon which such action is brought or some memorandum or note thereof is in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

It is admitted that there was no contract in writing for the sale of these leases, nor for the commissions of plaintiff in error, and from the reasoning of

Judge Allen, as found on pages 636, 637, and 638, of 116 Ohio St. (157 N. E., 491), cited above, we cannot escape the conclusion that, as under the evidence no verbal contract even is claimed to have been entered into by Tobias for the purchase of these leases, stocks of goods, etc., until between the middle and latter part of July, 1925, the amendment to Section 8621, General Code, which took effect July 9, would apply.

We think the motion for a directed verdict, made by the defendant below at the conclusion of the plaintiff's testimony, and renewed at the conclusion of all the testimony, should have been sustained. In view of the conclusion at which we have arrived, it is unnecessary to discuss or determine the various other interesting legal questions which are presented in the briefs of counsel.

Finding no prejudicial error in the record, the judgment of the lower court will be affirmed.

*Judgment affirmed.*

FERNEDING and ALLREAD, JJ., concur.