BRADLEY v. BARCH.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7998.    Decided Feb. 27, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

257.    COMMISSIONS—for Sale of Real Estate—708.    Leases—1105.    Statutes of Frauds.
Sale of lease for term of years, in real estate, is sale of interest in land, and before broker can recover commission he must have contract in writing, or memorandum thereof, in writing.

Error to Municipal Court.

Judgment affirmed.

J. B. Dworken, Cleveland, for Bradley.
Mooney, Hahn, Loeser & Keough, Cleveland, for Barch.

FULL TEXT.
VICKERY, J.
This cause comes into this court on a petition in error to the Muncipal Court of the City of Cleveland and was heard by this court in the April term of court and has not been disposed of until the present time for reasons that will appear hereafter.

It seems that the plaintiff in error, who was plaintiff below, brought an action to recover $1,450 which he claimed as commission for the selling of a leasehold and the equipment of a moving picture house, and that the petition set up that this contract entered into was an oral contract. Why a demurrer was not filed to this statement of claims does not appear, but subsequently other pleadings, which are not at all germane to the issue at hand were filed, and apparently later other counsel were engaged, and when it came on for trial, either an objection was made to the introduction of further testimony because the statement of claim did not state a cause of action, or after all the evidence was introduced by the plaintiff, a motion was made to enter up judgment for the defendant, on the theory that inasmuch as the contract was not in writing, it came within the recent amendment of the statute of frauds which provides that the commission for the sale of any interest in land could not be recovered unless there was an agreement or a memorandum thereof signed by the party to be charged, or his duly authorized agent.

The court granted the motion and entered up a judgment in favor of the defendants, and error was prosecuted to this court and, as already stated, the case was heard in the April Term of Court last year, and at that time this court came to the conclusion that this contract was a sale of an interest in land and that before the broker could recover a commission, he must have a memorandum in writing and the writer of this opinion, who was assigned to write the opinion in that case, gathered together the authorities and was preparing to write an opinion at that time in accordance with what we discovered to be the law; that is, that a leasehold for a term of years was an interest in land and that a sale of it would be a sale in land and was within the statute, but before the opinion could be prepared the writer of this opinion was notified that the Court of Appeals of the Ninth District, in a case exactly similar, had held that such a leasehold was not an interest in land within the meaning of the statute, but that the question had been certified to the Supreme Court and was then pending in the Supreme Court, and asked that the opinion of this court be held up until the Supreme Court could pass upon the question.

This court acquiseced and held the opinion in abeyance and now we learn that on June 8th, 1927, in the case of Brenner v. Spiegle, the Supreme Court reversed the Court of Appeals of Wayne County and held that a sale of a lease for a term of years in real estate was a sale of an interest in land and was within the purview of the statute, and before a broker could recover a commission, he must have a contract in writing or some memorandum thereof in writing. This case was reported in the Bulletin for August 15th, 1927, and it decides the exact question that we had before us and decided it the same way that we had come to the conclusion to decide it, and but for the suggestion of counsel, the opinion would have been written long ago.

We, therefore, have nothing further to say or to gather any more authorities, but will affirm the judgment of the court below upon the authority of Brenner v. Spiegle, 116 OS. 631, 157 NE. 491, as originally published in the Bulletin for August 15th, 1927, which has disposed of all the questions that are involved in this case.
Sullivan, PJ., and Levine, J., concur.