## YARMY v SEMPLE

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 3, 1928

Barnum, Stephens, Patchin & Hoyt, Youngstown, for Yarmy.

Kennedy, Manchester, Conroy & Ford, Youngstown, for Semple.

FARR, J.

It will be recalled that the original section was amended in 1925 **(111 O.L. 194),** and that the paragraph above quoted was the subject of the amendment to the original section not carrying such provisions.

It is well settled that a lease made for a consideration constitutes a sale of an interest in real estate; **Brenner v. Speigle, 116 O.S., 631,** and the fact that in the instant case the plaintiff asks judgment in the sum of $5,000.00 does not necessarily convert the action into one for quantum meruit as on an implied contract; **Hornback, et al. v. Paper Co.,** O. L. Ab. May 12, 1928, 289, **(6 Abs. 289)** where it is expressly held by Mills, J., of the Court of Appeals of Butler County, that such action is not converted as above stated, and so it is indicated by Lloyd, J,. in **Realty Company v. Frankle, O.L.R., June 27, 1927.** To hold otherwise would be to destroy the clearly indicated purpose of the above statute, and so it is held in **Mock v. Mitchell,** Court of Appeals of Cuyahoga County, O.L.Ab., Dec. 3, 1927, 771, **(5 Abs 771)** where the opinion is by Vickery, J., and states the foregoing principle and in a clear and concise manner.

A case similar upon the facts to the instant case is **Zuckerman v. Conter, 5 O.L. Ab., 120,** where the decisive issue here is interestingly discussed by McCrea, J., of the Montgomery County Court of Common Pleas. It is quite clear, therefore, that in order to save the provisions of the foregoing statute, it must be held that there is no right of recovery in the instant case. Some cases cited in behalf of the plaintiff in error were cases decided before the amendment to the above statute. Of interest here and as sustaining the contention of the defendant in error is Siefert v. Dirk, 175 Wis., 690; 17 A.L.R., 885; 17 A.L.R., 891. A summary of the holdings in a number of other states and in harmony with the conclusion reached here is to be found in 17 A.L.R., 89.

Therefore, for the reasons given, it follows that the judgment must be affirmed and it is so ordered.

Pollock and Farr, JJ, concur.