Municipal Court of Dayton.

LAWRENCE V. BAUERSFELD.

Decided April 25, 1930.

A. H. & O. B. Scharrer, for plaintiff.
Wm. F. Hyers, for defendant.

MILLS, J.

This action was brought by the plaintiff to recover $337.50 with six per cent. interest from the first day of August, 1929, for a real estate commission and was brought on a written contract which was introduced in evidence.

A general denial was filed by defendant, in his amended statement of defense to plaintiff's amended statement of claim, denying that he agreed to pay plaintiff the sum of three per cent. commission and denying that he owed the plaintiff the sum of $337.50, or any sum whatsoever.

Counsel for plaintiff and defendant have filed extensive briefs in this matter, wherein counsel for plaintiff seems to put a lot of stress upon the interpretation of General Code, 8621, as amended, and 111th Ohio Law, 1925, and quotes a South Dakota case, which case is cited in 25th O. N. P. New Series, p. 178, Davis v. Swan.

Counsel for defendant has referred the court, in his brief, to the case of Brenner v. Spiegle, 116 Ohio State, 631, in which Judge Allen is defining the word "sale" as used in the amended statute of frauds, General Code, 8621, states on page 634 as follows:

"The statute qualifies the word 'sale' by the words 'of an interest in real estate.' The statute does not say 'sale of a fee' or 'sale of the whole interest of the vendor in real estate.' It says 'sale of an interest in real estate,' and thereby expressly declares that the transaction for which the memorandum in writing is required is that of the *transfer* for a consideration of any interest in real property.

"This view of the meaning of the words is borne out by their definition. In the Century Dictionary, the word 'sale' is defined as meaning:

" 'In law, a contract for the *transfer* of property from one person to another, for a valuable consideration.' "

Now, let us refer to the definition of the word "sale." as adopted by Judge Allen in her opinion—"In law, a *contract* for the *transfer* of property from one person to another for a valuable consideration."

Now is the exchange of properties under this contract, a transfer?

If the court follows the opinion of Judge Allen, he would come to the conclusion that it was a transfer. The plaintiff, in his amended statement of claim, sets out that defendant agreed to pay the plaintiff a commision of three per cent. on $11,250.

Plaintiff and all parties to the contract must have set a valuation thereon in money, or the suit would not have been brought upon the price of $11,250.

The court is of the opinion that this property was exchanged for a valuable consideration, and the valuable consideration can be arrived at in terms of dollars, which it seems to be in this particular case, and that if the defendant Bauersfeld's property was worth $11,250, which he exchanged to the Brugler's, then this was a transfer of property for a valuable consideration; that this consideration was defined in dollars; that the transaction would come under the provisions in 8621 General Code, and would be a sale, especially under the interpretation given by Judge Allen in the above cited case of *Brenner* v. *Spiegle,* 116 O. S., 631, definition, page 634.

In considering whether this was a sale or an exchange, what has plaintiff founded his action on? The answer is

very plain because he sets out specifically in his amended statement of claim that on or about the 7th day of September, 1928, the defendant entered into a written contract with Glen H. and Margaret V. Brugler for the exchange of certain real estate located at 3522 Wayne Avenue, Dayton, Ohio, subject to a mortgage of $4,000, Lot No. 49 on Fauver Avenue, Rosemont Plat, Montgomery county, Ohio, clear of all incumberances for a lot and new brick home (the latter brick home to be constructed by the defendant according to plans as submitted and agreed upon verbally and in accordance with a similar constructed brick home).

Under the terms of said written agreement, the plaintiff says that the defendant agreed to pay to plaintiff a commission of three per cent.

Now did the defendant agree to pay plaintiff, O. R. Lawrence, a commission of three per cent.? The whole contract is as follows:

"Dayton, O., Sept. 7, 1928.

We hereby agree to exchange our property, situated and known as No. 3522 Wayne Ave., County Mtgy., State of Ohio, and subject to a mortgage of $4,000, also Lot No. 49 on Fauver Ave., Rosemont Plat, County Mtgy., State of Ohio, and clear of all incumbrance for the following described real estate situated and known as a new brick home, to be built by party of the second part, on lot as selected and according to plans as submitted and agreed upon verbally, said plans to be fully drawn up, with complete specifications and properly signed—this new home to be subject to a mortgage of not to exceed $7,600. All incumbrances, taxes and legal assessments levied or to be levied against said properties are to be paid by the present owner excepting those falling due and payable in * * * * and thereafter. Good and sufficient warranty deeds with titles clear excepting as to the above mortgages and stipulations, and with Release of Dower to be delivered on or before * * *.

Fire Insurance policies to be adjusted.

We will pay a commission of 3 per cent. for your services.

(Signed)   Glen H. Brugler,
          Margaret V. Brugler."

Witness: O. R. Lawrence.

ACCEPTANCE.

"I accept the above offer for the exchange of said properties this 7th day of Sept., 1928.

(Signed)    George B. Bauersfeld.

Witness: O. R. Lawrence."

Plaintiff, in his brief, puts a great deal of stress upon the word "we." The court feels that "we" refers only to Glen H. Brugler and Margaret V. Brugler, wherein they agree to exchange their property for property belonging to George Bauersfeld, and they say that they agree to pay three per cent. commission for services to O. R. Lawrence. The testimony shows they did pay their commission for services. The evidence is plain about it.

Plaintiff's counsel argues that George B. Bauersfeld, the defendant, agreed to pay O. R. Lawrence the three per cent. commission upon the amount set out in the statement of claim.

George B. Bauersfeld did not promise to pay O. R. Lawrence a commission of three per cent. or anyone else a commission of three per cent. The part of the contract or the acceptance to Glen H. Brugler and Margaret V. Brugler's offer or agreement is separated by a double line. It is all on the same piece of paper.

Let us quote from *Foldenauer* v. *Leibold*, decided November 5, 1928, by the Court of Appeals for Cuyahoga county, 28 O. L. R., 147:

"Syllabus 1. The 'memorandum' of an agreement, required by the amended statute of frauds, to pay a commission for services in connection with the sale of real estate, must contain the whole contract and state its terms with such clearness and certainty that they may be understood from the writing itself, without resort to oral evidence or any implication as to the meaning intended."

Now does the memorandum signed by George B. Bauersfeld, say that he agrees to pay plaintiff a commission? Does it state with clearness and certainty? The court feels that it takes the broadest interpretation to even imply that the defendant agreed to pay plaintiff commission.

Plaintiff is suing on his written contract with defend-

ant to pay a commission. The parol evidence rule would be broad enough to disregard the oral evidence to vary or contradict the terms of a written instrument.

It is evident from the inspection of the two written instruments and printed form, that they belonged to plaintiff, O. R. Lawrence, and that the part written in was filled in by O. R. Lawrence. It is his written and printed form.

If he meant for the defendant to pay a three per cent. commission, why didn't he include "I agree to pay O. R. Lawrence three per cent. commission upon a certain amount," after the usual agreement to accept the exchange of the Brugler's property for his own?

This is plaintiff's own contract and should be construed strictly.

It is the court's opinion that the defendant George B. Bauersfeld did not agree to pay plaintiff, O. R. Lawrence, three per cent. commission as alleged in plaintiff's statement of claim, and that there is nothing due and owing plaintiff from defendant, under plaintiff's statement of claim; and plaintiff's statement of claim is hereby dismissed.