W. J. GROFF, Appellant, v. W. J. CRAWFORD, Appellee.

No. 45622.

NOVEMBER 12, 1941.

REHEARING DENIED FEBRUARY 20, 1942.

W. J. Jackson and Byington & Rate, for appellant.

Eardley Bell, Jr., and Hatter & Harned, for appellee.

SAGER, J.—Appellant alleges that appellee orally agreed to lease him ninety acres of land on a share basis for the year beginning March 1, 1939. There were to be forty acres planted to barley; fifty to corn; appellant was to furnish the labor and machinery; each was to pay for one half the cost of seed; and

appellant was to deliver one half of the crop as rent. Though appellant was willing and able to perform appellee leased to another; hence this suit.

The petition claims damages to the extent of $50 for time spent in finding other land to rent. This is not involved here. It also alleges inability to find other employment with resulting damages in the sum of $100. The principal item of damages is a claim for $850, profits which would have been earned had appellee not broken his contract.

Appellant concedes that we are committed to the rule that measure of damages in cases of this kind is the excess of the rental value of the premises over the rent agreed upon in the lease. Adair v. Bogle, 20 Iowa 238; Dilly v. Paynsville Land Co., 173 Iowa 536, 155 N. W. 971. Appellant, while conceding this to be the rule, presents the following:

"Our contention is that under modern conditions, in the case of a breach of share rent farm lease, where the tenant is unable to rent another farm, the difference between the rent reserved and the fair rental value is entirely inadequate as a measure of damage, and in such case the tenant should be entitled to recover for loss of profits.

"We believe that the court should and will take judicial notice of the increasing scarcity of Iowa farm land. It is a matter of common knowledge. Increasing demand and increasing prices for farm products are not alone responsible for this condition. The widespread use of tractors and the development of tractor machinery has enabled one farmer to handle much more land than he could before. The economic use of modern farm machinery requires more land for each unit and for each farmer. The result is an increasing competition for farm land and each year an increasing number of farm tenants find themselves unable to obtain farms."

And the trial court in a lengthy ruling on the motion to strike is of the same opinion as these quotations indicate:

"The Court reluctantly sustains defendant's motion. However, in so doing the Court believes that the rule contended for

by defendant is outmoded and fails to permit substantial justice in a case with facts such as the instant one.

"* * * The case of Adair v. Bogle, supra, decided in 1866, presents facts which are not in all respects similar to the instant case. It must be remembered that the rule therein laid down as to measuring damages in farm leases was made at a time in the early stage of Iowa's history when farm lands for rental purposes were in abundance, when it was an easy matter to secure farm lands for rent, when the values received from the produce therefrom were slight in comparison to present values; and when the productivity of the soil and the methods of farming were entirely different than at the present time. * * *.

"The Court has had no other course as it sees it in this case, under the present Iowa rule, than to sustain the motion of defendant, but does humbly and respectfully submit to the appellate court its views, and with the recommendation that the rule now existing in Iowa be changed, only as respecting the measure of damages affecting farm tenants acting on a share basis * * *."

The parties hereto argue as to what the majority rule is —appellant contending that it is against our holding while appellee insists the reverse. We are not called on to cast up the weight of authority, but see note to Weiss v. Revenue Bldg. & L. Assn., 104 A. L. R. 129, 132. Adair v. Bogle, supra, was decided in 1866 and Dilly v. Paynsville Land Co., supra, was decided in 1916. During the intervening years twenty-eight sessions of the general assembly have passed with no action taken. These years have seen, as is a matter of common knowledge, the effect of the depression with the consequent hardship on tenants; and yet it was not thought necessary to change a rule so long in effect. Without venturing an opinion as to whether public policy now demands a change, it is sufficient for our purposes to say that if that should be thought to be desirable the legislature with its larger powers of investigation of all the factors involved is the proper body to make the change. Until that is done, we are disposed to follow the rule of our cases cited.

The judgment of the trial court is, therefore, affirmed.— Affirmed.

MILLER, C. J., and GARFIELD, BLISS, WENNERSTRUM, OLIVER, and HALE, JJ., concur.