## ADAIR v. BOGLE.

1. **Lease: BREACH: REMEDY.** If a lessor refuses to permit his lessee to occupy the premises in accordance with the terms of the agreement of lease, he thereby renders himself liable to an action for damages.    The tenant is not confined to an action of ejectment against the lessor.

2. —— **MEASURE OF DAMAGES: GENERAL RULE.** In actions by lessees against lessors for damages for breaches of contracts of lease, by refusing to let the lessee into the possession, the general rule for the measure of such damages, is the difference between the rent reserved and the value of the premises for the term.    And it makes no difference that the rent reserved is payable in kind.

3. —— **INSTRUCTIONS AS TO.** In cases of this kind two principles should be impressed upon the jury: 1. The plaintiff should recover only such damages as have directly and necessarily been occasioned by defendant's

wrongful acts; and 2. That if the plaintiff, by reasonable exertions or care on his part, could have prevented such damages, he is bound to do so, and so far as he could have prevented he cannot recover therefor.

4. —— SPECIAL DAMAGES. The plaintiff is not confined to the general rule in cases in which particular damages have resulted from such breach of contract, as by preparations made in good faith to enter the premises, rendered useless by the defendant's breach of the contract, loss of employment, loss of time in looking for another place, such loss always being the direct result of the lessor's wrongful act, and unavoidable by the use of due diligence and reasonable exertion on the part of the plaintiff.

*Appeal from Benton District Court.*

WEDNESDAY, APRIL 11.

MEASURE OF DAMAGES: LIABILITY OF LESSOR FOR REFUSAL TO GIVE POSSESSION. — This is an action by a lessee against a lessor to recover damages for the refusal of the latter, to let the former into the possession of the demised premises.

The defendant admits in his answer that on the 2d of September, 1864, he entered into a verbal contract with the plaintiff, as alleged in the petition, to let to him for one year from March 1, 1865, forty acres of land, to furnish him with a team and feed therefor, and the necessary seed and farming implements and house room, for which plaintiff was to deliver to defendant, in the crib, one-half of the corn grown on the land, and one-half of the small grain in the stack.

But the defendant claims that it was a condition precedent, that the plaintiff should do a certain amount of fall plowing, which he failed to do. That there was any such condition precedent, the plaintiff denies.

The plaintiff specially alleges in his petition, that, relying upon the contract, he made preparations, at great expense and loss of time, to take possession of the place, and thus relying, failed to make arrangements to get

another place. He also alleges that defendant refused to allow him to take possession. This the defendant in his answer admits, but says it was because the plaintiff failed to perform the condition precedent respecting the fall plowing.

On these issues there was a jury trial, resulting in a verdict for the plaintiff (under the ruling of the court) for the sum of one dollar. The errors assigned relate to the measure of damages. The plaintiff appeals.

*J. C. Traer* for the appellant.

1. The measure of damages in an action by the lessee for a failure on the part of the lessor to give possession of the demised premises, is the difference between the value of the premises for the term and the rent reserved. *Trull* v. *Granger and Dillaye*, 8 N. Y., 115; Taylor Land. & Ten., 111; *Williams* v. *Oliphant*, 3 Ind., 271; 2 Greenlf. Ev., 301.

2. The plaintiff may recover for loss of time, trouble and expense incurred in making preparations to take possession of the demised premises. 2 Greenl. Ev., § 261; 2 Story Cont., § 907; Taylor Land. & Ten., § 177; *Dakin & Bacon* v. *Williams & Seward*, 11 Wend., 71; *Trull* v. *Granger and Dillaye, supra;* 4 Barb., 261; 5 Bing., 445.

3. Proof of the plaintiff making preparation to take possession, and loss of time and expenses incurred for that purpose, may be given under a general averment of damage. *Driggs* v. *Dwight*, 17 Wend., 71; *Dean* v. *White & Haight*, 5 Iowa, 266.

4. The defendant was in fault in breaking his contract. He is bound to repair the loss of the plaintiff thereby. The fact that the plaintiff was thrown out of employment by the wrongful act of defendant, and was 'thereby subject to loss of time and expenses, was the legitimate consequences

of the wrongful act of defendant, and the evidence thereof was admissible to show the damage sustained by plaintiff. See Sedg. on Meas. Dam., § 194; *Williams* v. *Oliphant, supra.*

*Shane & McCartney* for the appellee.

1. The agreement sued upon was equivalent to a " covenant of quiet enjoyment," and plaintiff was only entitled to nominal damages. Sedg. on Meas. Dam., 168, 169, 170, note 3; *Kelly* v. *Dutch Church*, 2 Hill, 105:

2. In no event, " when the rent reserved is a sum certain," can plaintiff recover more than the difference between the yearly value of the premises, and the rent reserved. *Trull* v. *Granger and Dillaye*, 8 N. Y., 115.

3. The rent reserved in the lease declared upon, being the one-half of the products of the land, was, and is, by any calculation, equal to the half retained by lessee for his labor. It therefore follows that by his own agreement, he was to give a full equivalent for what he was to get, and not getting possession he lost nothing, and was not damaged.

4. It is insisted by plaintiff, that he may recover for any expenses he was at, in preparing to take possession and cultivate the land leased by him from defendant. To this we reply, that the proposition is true, so far as those expenses were authorized expressly by or with the tacit approbation of defendant; but we insist that defendant is not chargeable with any expenses plaintiff was at, to prepare himself to comply with his contract, unless those expenses were incurred with the tacit approbation (at least) of defendant.

5. The court properly excluded the testimony offered by plaintiff, as to the annual rental value of said premises; and also the testimony offered by plaintiff to show that the

annual rental value of lands in defendant's neighborhood was three dollars per acre.

DILLON, J. — On the trial, the plaintiff offered to prove by a witness, "the yearly value of the rental of the prem-

1. LEASE: breach: remedy.

ises, for the purpose of establishing the measure of damages in said cause." This the court refused, but offered "to allow the plaintiff to prove the custom of the neighborhood in renting farms, and then show the difference between the custom aforesaid, and the contract upon which the plaintiff sues."

Thereupon plaintiff "offered to prove that the ordinary rental for farming lands in the neighborhood was three dollars per acre per annum." This the court also refused. Thereupon "the plaintiff offered to show that he relied upon the contract, and made preparations to take possession of the leased premises, at great expense and trouble and consequent damage; which testimony was excluded because plaintiff could not recover for his expenses and trouble in making preparations to take possession of the leased premises" Plaintiff "also offered to prove that, relying upon the contract, he was thrown out of employment for three months, and deprived of the opportunity to get another farm." This the court also refused.

The court charged the jury thus: "Should you find that the plaintiff fulfilled his part of the contract, and that defendant refused to let plaintiff have the use of the farm as agreed, plaintiff would be entitled to nominal damages. Nominal damages is some small sum." The correctness of these rulings is the question which the record presents for decision. The law is settled, that if the lessor refuses to permit the lessee to occupy the premises, in accordance with the agreement, he thereby renders himself liable to an action for the damages. The tenant is not, in such case, confined to an action of ejectment against the landlord.

*Trull* v. *Granger & Dillaye*, 8 N. Y. (4 Seld.), 115; *Driggs* v. *Dwight*, 17 Wend., 71; *Ward* v. *Smith*, 11 Price, 19; Taylor Land. & Ten., § 117; *Coe* v. *Clay*, 3 Moore & P., 57; *S. C.*, 5 Bing., 448; 2 Greenl. Ev., § 261; Sedg. on Dam., § 194, *note;* *Williams* v. *Oliphant*, 3 Ind., 271.

It is also settled that in such an action against the landlord for damages, the *general rule* for the measure thereof is the difference between the rent reserved and the value of the premises for the term. If the value of the premises for the term is no greater than the rent which the tenant has agreed to pay, then the latter is not substantially injured, and can, *in general*, recover only nominal damages, though the landlord, without just cause, refuses to give possession. But if the value of the premises is greater than the rent to be paid, the lessee is entitled to the benefit of his contract, and this will ordinarily consist of the difference between the two amounts. *Vide* authorities above cited.

*2. —— measure of damages: general rule.*

And it makes no difference in the application of this rule, that the rent reserved is payable in kind instead of money. The amount may be more difficult of ascertainment, but this difficulty does not abrogate the rule itself, which has its foundation in reason and sound principle.

Indeed, courts and juries are often perplexed in determining questions relating to the measure of damages; and notwithstanding general rules may and should be laid down to the jury, much must still be left to their sound judgment and sense of justice and right.

*?. —— instructions as to.*

Two principles should, in cases like the present, be impressed upon juries: 1st. The plaintiff should recover only such damages as have directly and necessarily been occasioned by the defendant's wrongful act or default; and, 2d. That if the plaintiff, by reasonable exertions or care on his part, could have prevented such damages, he is bound to do so; and so far as he could have thus pre-

vented them, he cannot recover therefor. *Davis* v. *Fish*, 1 G. Greene, 406, 409; 2 Greenl. Ev., § 261. The injured party is entitled to recover only such sum as will make him whole. This he is entitled to recover, so far as his injury has been the direct or natural result of the wrongful act of the other party. When these principles are stated to the jury, it may frequently be proper for the court to admit evidence of various data, the better to enable the jury to arrive at the proper amount of damages, that is, at the sum which will compensate or make the injured party whole. In this view, and as means of supplying the jury with the data to enable them to form an intelligent judgment as to the extent of the plaintiff's injury, we are of opinion that the plaintiff was entitled (under the averment of his petition), to enter upon the general line of evidence which he proposed to introduce on the trial, and which the court refused to receive. We also think that the court erred in restricting the right of recovery in such cases to nominal damages.

We have said above that *in general*, or *ordinarily*, the plaintiff, in such an action as the present, recovers the difference between the value of the use of the premises and the rent reserved.

But he is not in all cases confined to this, as where, in addition, he has sustained a particular loss. If 4.——special other damages have resulted as the direct and damages. necessary or natural consequence of the defendant's breach of the contract, these are recoverable, certainly where, as in this case, they are specifically set forth. For example, if the plaintiff, in good faith and relying on the contract, made preparations to remove on to the defendant's farm, and these preparations were rendered useless in consequence of the defendant's refusal to comply with his contract, the authorities hold that there may be a recovery

for the loss thus sustained. In point, see *Driggs* v. *Dwight*, and the authorities above cited.

Let us now advert to another consideration, especially applicable, as we think, to this class of cases. By the contract the plaintiff not only secured a place in which to live, but also employment for himself during a year's time. If the defendant, without cause, refuse to let the plaintiff into possession, what is the direct consequence? It is that he may be deprived of employment as well as a house in which to reside. Therefore, a reasonable allowance might, in proper cases, be made to the lessee of a farm, for necessary *loss of time* in looking for another place, or in seeking other employment, where the lessee sustains such loss as the direct result of the lessor's wrongful act, and uses due diligence and reasonable exertions to prevent the loss or reduce its amount. See *Attix, Noyes & Co.* v. *Pelan and Anderson*, 5 Iowa, 326, 345, *arguendo*, and cases there cited.

The last proposition as to loss of time, is quite near the line (often difficult to trace, if not mysterious), which divides direct and proximate from remote and consequential damages, but qualified, as above stated, we deem it correct. Damages claimed to result from the failure to get another farm, would, in ordinary cases,. if not indeed in all cases, be beyond the boundary line, which separates recoverable damages from those which are not recoverable. *William* v. *Oliphant*, 3 Ind., 271.

We have, perhaps, said enough to indicate our views as to the proper course to be pursued in receiving evidence on a retrial, and as to the directions to the jury. We will not further enlarge upon the subject, except to add, that as a means of affording data to the jury to determine the amount of damages, we perceive no objection to the view which would seem to be entertained by the District Court, that it would be proper to receive testimony showing the

usual or customary terms on which farms in the neighborhood were let, where the rent was reserved in kind instead of money.

Reversed and remanded.