[Civil No. 1735. Filed March 22, 1920.]

[188 Pac. 260.]

# MANUEL BROWN, Appellant, v. MANUEL ARMENTA, Defendant, and RAMON ARMENTA, Intervener, Appellees.

1. EJECTMENT—PLAINTIFF HAS BURDEN OF PROVING HIS RIGHT TO POSSESSION.—Where defendants denied the right of plaintiff to possession of land under a lease from the common source of title, plaintiff has the burden of proving that he was entitled to possession, and that the defendants were unlawfully keeping him out.

2. EJECTMENT—LESSEE FOR TERM OF YEARS MAY MAINTAIN EJECTMENT.—Ejectment lies to recover land held under a lease for a term of years, the holder of the lease founding his right of possession upon an interest in the land arising from ownership of the lease.

3. PRINCIPAL AND AGENT—POWER OF ATTORNEY IS NOT TO BE EXTENDED BY IMPLICATION.—A power of attorney, like any other instrument, is to be construed according to the natural import of its language, and the authority which the principal has conferred is not to be extended by implication beyond the natural and ordinary significance of the terms in which that authority is given.

4. PRINCIPAL AND AGENT—THIRD PERSON MUST ASCERTAIN AGENT'S AUTHORITY.—One dealing with an agent must ascertain at his own risk whether the agent's act will bind the principal.

5. PRINCIPAL AND AGENT—POWER OF ATTORNEY TO "RECLAIM LEGALLY" LAND DOES NOT EMPOWER ATTORNEY TO LEASE.—No authority to lease land is given by power of attorney authorizing the attorney to "reclaim legally" the land; the quoted phrase meaning that the agent should have power to institute legal proceedings to recover the land as against anyone holding adversely.

6. APPEAL AND ERROR—EXCLUSION OF IMMATERIAL EVIDENCE HARMLESS. Where plaintiff in ejectment claimed to be entitled to possession by virtue of a lease executed by an agent, the exclusion of the agent's power of attorney on the ground that it was not properly authenticated was not error; the power being wholly immaterial.

7. TRIAL—LEASE FOR YEAR INADMISSIBLE IN ABSENCE OF EVIDENCE OF AUTHORITY OF AGENT SIGNING SAME.—Conceding that authority of an agent signing a lease for the term of one year can be established by parol, the exclusion of such a lease, offered by plaintiff in ejectment to show his right to possession, is proper, where there was no evidence, written or parol, of the agent's authority.

APPEAL from a judgment of the Superior Court of the County of Pinal. O. J. Baughn, Judge. Affirmed.

Mr. E. P. Patterson, for Appellant.

Mr. H. G. Richardson, for Defendant-Appellee.

Mr. A. A. Jayne and Mr. J. C. Denton, for Intervener-Appellee.

BAKER, J.—This appeal presents error from the superior court of Pinal county. Manuel Brown, appellant, who, on the record here, for convenience, will be referred to as "plaintiff," brought an action of ejectment against Manuel Armenta, appellee, referred to as "defendant," to recover possession of certain described real estate. The plaintiff's complaint was in the ordinary form used in actions of ejectment.

The defendant answered by way of general denial, and pleaded specially that the title to the premises was vested in Ramon Armenta, a brother of the defendant, by virtue of a contract of purchase from Jose M. Mendosa, the former owner of the premises; that Mendosa had placed Ramon Armenta in possession of the premises, and that subsequently Ramon Armenta, who had been drafted into the United States army, placed the defendant Manuel Armenta in possession of the premises as his agent or representative. During the pendency of the suit Ramon Armenta was permitted to intervene, and in his petition of intervention he set up and alleged that he was the owner of the premises in question by virtue of a contract of purchase from Jose M. Mendosa, the former owner, who had placed the intervener in possession of the premises, and that subsequently he, the intervener, on being drafted

into the United States army, had placed his brother Manuel Armenta, the defendant, in the possession of the premises as his agent or representative. The intervener also answered the plaintiff's complaint by way of general denial.

Trial was had to the court without the intervention of a jury, and upon the conclusion of the plaintiff's case the court entered judgment dismissing the case, and awarding costs to the defendant, from which judgment the plaintiff appealed to this court.

Both parties derive their respective titles from a common source. The plaintiff claims the right to possession of the land under and by virtue of a certain lease executed by one M. S. Ramirez, as attorney in fact for Jose M. Mendosa. The intervener, Ramon Armenta, derived his title by a contract of purchase of the premises from Jose M. Mendosa, acting through and by his attorney in fact, Sotero Mendosa. The defendant, Manuel Armenta, claimed right to the possession of the land as the agent of his brother, Ramon Armenta. The original title of Jose M. Mendosa is not disputed or questioned.

Both the defendant and the intervener denied that the plaintiff had any right to possession of the land under the lease at the time of the commencement of the action. It was therefore incumbent upon plaintiff to prove that he was entitled to possession of the land at the commencement of the action, and that the defendant and the intervener were unlawfully keeping him out of possession of the same in order to recover. It is hardly necessary to cite authorities to sustain this proposition.

It is well settled that an action of ejectment lies to recover land held under a lease for a term of years. Where the holder of the lease attempts to recover possession by such action, he founds his

recovery or right of possession upon an interest in the land arising from ownership of the lease upon the land. 15 Cyc. 23; *Hurst* v. *Sawyer,* 2 Okl. 470, 37 Pac. 817; *Long* v. *Bagwell,* 38 Okl. 512, 133 Pac. 50.

The plaintiff, to support the issues upon his part, exhibited a written instrument, purporting to be a power of attorney from Jose M. Mendosa to M. S. Ramirez, and it is claimed that this instrument granted to M. S. Ramirez the power to execute a lease of the premises to the plaintiff for one year. The defendant objected to the introduction of the supposed power of attorney in evidence, and the court sustained the objection, and the instrument was rejected. This ruling of the court is assigned as error. The instrument was executed in Mexico, and is in the Spanish language. The translation of this paper found in brief of counsel for plaintiff will be accepted as correct, since we find no objection thereto by the defendant or the intervener. Counsel for the defendant and the intervener argue at great length that the power of attorney was not authenticated in the manner prescribed by our law, and therefore was not admissible in evidence. The discussion upon this point presents several very interesting questions, and the authorities relating thereto are not altogether harmonious. We do not think, however, that a determination of that question is absolutely essential, and we shall rest our decision upon the conclusion that the power of attorney offered in evidence does not authorize M. S. Ramirez to execute any lease of the land to the plaintiff.

A power of attorney, like any other instrument, is to be construed according to the natural import of its language, and the authority which the principal has conferred upon his agent is not to be extended by implication beyond the natural and ordinary

significance of the terms in which that authority is given. The attorney has only such authority as the principal has chosen to confer upon him, and one dealing with him must ascertain at his own risk whether his act will bind the principal. 31 Cyc. 1407; *Golinsky et al.* v. *Allison et al.,* 114 Cal. 458, 46 Pac. 295; *Campbell* v. *Association,* 163 Pa. 609, 43 Am. St. Rep. 818, 26 L. R. A. 117, 30 Atl. 222–224. Speaking of the power of an agent to lease realty, the district court of appeals used the following language in the opinion of *Church* v. *Collins,* 18 Cal. App. 748, 124 Pac. 552:

"If such authority is intended to be conferred, the language used in conferring it should be so clear, distinct, and certain in its meaning to that end as to leave no room for doubting that such is its purpose."

We have examined the supposed power of attorney closely, and fail to observe or discover any language contained therein which either directly or by reasonable implication indicates any intention upon the part of Jose M. Mendosa to confer upon M. S. Ramirez the right, power, or authority to lease the land to anyone for any specified term, or at all. The only reference to any particular land found in the instrument is in the clause which grants the authority to said Ramirez to "reclaim legally" some land belonging to Mendosa, "whose approximate extension is 160 acres, situated in Pinal county, Arizona, United States of America, about two or three miles from the railroad station called Picacho."

Conceding that the foregoing loose and indefinite description is sufficient to identify the land in question, yet the power to "reclaim legally" this land cannot, by any reasonable construction, be held to include the authority or power to lease it. Just what the principal meant by the expression "reclaim legally" is not clear, but we have concluded that

what the principal intended and meant by the term was that Ramirez should have the power to institute legal proceedings to recover the lands as against anyone holding the same adversely. Clearly, the term cannot be construed as granting the power to lease the land.

It follows from the foregoing conclusions that the trial court committed no error in ruling that the supposed power of attorney was inadmissible in evidence. It was wholly immaterial and irrelevant for the purpose of establishing any issue in the case.

The plaintiff also offered in evidence a lease of the premises executed by M. S. Ramirez as the attorney in fact of Jose M. Mendosa, for the term of one year. The trial court sustained an objection to the introduction of the lease. The plaintiff claims that, since the lease was for the term of one year only, under the provisions of subdivision 6, paragraph 3272, Civil Code of 1913, he was not required to prove the authority of M. S. Ramirez to execute the lease by any writing; that is, he was not required to show written authority, but could make parol proof of Ramirez's agency.

Conceding that plaintiff is right in this contention, still the lease was inadmissible, because there was no proof made either in writing or by parol of the authority of Ramirez to execute the lease. Plaintiff made no effort to show the relation of Ramirez to Mendosa other than the offer of the power of attorney, which was rejected, as we have seen.

The plaintiff made no further effort to prove the allegations of his complaint, and it is clear that he had not established a complete case. He failed to show that either the defendant or the intervener was unlawfully keeping him out of the possession of the land at the commencement of the suit. This failure

of proof justified the dismissal of the action at the close of the case for the plaintiff.

For the reasons given, the judgment of the lower court must be affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.