ORVILLE JENSEN, Appellant, v. FRED W. NOLTE et al., Appellees.

No. 46227.

June 15, 1943.

 

R. Eldon Laird, of Waverly, for appellant.

Sweet & Sager, of Waverly, for appellees.

MULRONEY, J.—Plaintiff's petition, filed March 7, 1941, alleged that he was the holder of a written lease covering a farm owned by defendant Nolte; the lease was for one year commencing March 1, 1941, executed by Nolte on July 10, 1940; defendant Lageschulte was in possession of the farm with the consent and approval of Nolte. Plaintiff asked judgment for possession and damages or judgment for the reasonable rental value of the property during the period of the lease.

Defendants filed separate demurrers, chiefly on the ground that the petition shows plaintiff does not have legal title to the real estate and the action can. be maintained only by the owner, who is entitled to immediate possession. The trial court sustained the demurrer filed by Lageschulte (herein referred to as defendant and appellee) and entered judgment against plaintiff after he elected to stand on his petition.

 The sole question presented by the demurrer is whether this action, brought under chapter 517, Code of 1939, can be maintained by one who has the right to possession but does not have the legal title to the real estate.

An action for the recovery of real property can be brought under the provisions of chapter 517, Code of 1939. The action shall be by "ordinary proceedings." Section 12230. It can be brought by "Any person having a valid subsisting interest in real property, and a right to the immediate possession thereof * * * against any person acting as owner, landlord, or tenant of the property claimed." Section 12231. "The plaintiff must

recover on the strength of his own title." Section 12232. "The petition may state generally that the plaintiff is entitled to the possession of the premises, particularly describing them, also the quantity of his estate and the extent of his interest therein, and that the defendant unlawfully keeps him out of possession * * *." Section 12235. "The plaintiff shall attach to his petition * * * if he claims title, an abstract of the title relied on * * *." Section 12236. "If the interest of the plaintiff expires before the time in which he could be put in possession, he can obtain a judgment for damages only." Section 12247. Similar enactments appeared in the Codes of 1897 (chapter 2, Title XXI), 1873 (chapter 2, Title XX), and 1851 (chapter 116).

We have said that the actions provided for in the foregoing statutory provisions "are those commonly known as 'actions of right' or 'ejectment.' " Hinman v. Sage, 213 Iowa 1320, 1322, 241 N. W. 406, 407. It is apparent that the principles involved in the common-law action of ejectment have been retained. At common law the purpose of the ejectment action was to determine the legal right to the possession of realty and to enforce that right. The issue as to the right to possession might rest on the question of title, but the subject matter of the action was not the title. It was always the right to possession which might in some cases be established by proof of title. The rule is stated in 18 Am. Jur. 21, section 20:

"Although the action may, and frequently does, become the means of trying title, it is essentially a possessory action and is ordinarily confined to cases where the claimant has the possessory title—that is, a right of entry upon the lands."

The common-law action of ejectment could be maintained by the lessee. See 28 C. J. S. 859, section 12, where it is stated: "Ejectment lies for the recovery of a term * * *." Also 18 Am. Jur. 63, section 68, where it is stated: "In a proper case an action of ejectment may be brought * * * by a lessee to recover possession in his own behalf * * *." See, also, annotation L. R. A. 1918A 55.

In Olive v. Daugherty, 2 (G. Greene) Iowa 393, this court held:

"The above section [Rev. Stat. 529, now section 12247] appears to have been framed with a particular reference to cases like the present. It obviously assumes that a recovery may be had upon a mere lease or demise * * *."

Again, in Adair v. Bogle, 20 Iowa 238, 242, where the lessee sued the lessor for damages for refusal of the latter to let him into possession, it is stated:

"The tenant is not, in such case, confined to an action of ejectment against the landlord."

We think the provisions of chapter 517, when fairly read, make an action for possession of real estate available to a lessee who is entitled to, but not in, possession. Surely such a person has "a valid and subsisting interest" in the real estate. A lease of real estate is a conveyance by the owner of a portion of the owner's interest therein to the lessee. It creates in the lessee an *interest* in the real estate. State Savings & Loan Assn. v. Bryant, 159 Or. 160, 81 P. 2d 116; Moeller v. Gormley, 44 Wash. 465, 87 P. 507; Showalter v. Lowndes, 56 W. Va. 462, 49 S. E. 448, 3 Ann. Cas. 1096; Brenner v. Spiegle, 116 Ohio St. 631, 157 N. E. 491.

That ownership of the legal title is not a necessary allegation in the petition appears from the requirement of section 12235 that plaintiff state "the quantity of his estate and the extent of his interest therein * * *." This is not a requirement that plaintiff allege he is the holder of the legal title. The natural construction of such words contemplates an allegation of some interest less than the full legal title. It would seem, as said in Olive v. Daugherty, supra, that this law was "framed with a particular reference" to cases where a tenant out of possession seeks to secure possession. The contingency of his term expiring before he can be put in possession is even provided for. In section 12247 we find that "if the interest of the plaintiff expires" before he can be put in possession, then he can obtain a judgment for damages only. Such a provision does not indicate that plaintiff must be the holder of the legal title. It clearly indicates that he may be the owner of a lease for a term.

Defendant's argument that there should have been an abstract of title attached to the petition, as required by section 12236, is without merit. Although this is not properly raised by the demurrer, there was no issue relative to the title raised by the petition which would require such an abstract. Recovery in such a suit was allowed without the attachment of an abstract to the petition in Denecke v. Miller and Son, 142 Iowa 486, 119 N. W. 380, 19 Ann. Cas. 949, where the title was not in dispute. The argument that plaintiff must allege he is the owner of the legal title because section 12232 states that "plaintiff must recover on the strength of his own title" is not persuasive. This is merely a statement of half the general rule that has always prevailed in ejectment actions that plaintiff "must recover, if at all, on the strength of his own title, and not upon the weakness of his adversary's." 9 R. C. L. 838, section 12; 18 Am. Jur. 21, section 20.

Defendant cites the statement in Kitteringham v. Blair Town Lot & Land Co., 66 Iowa 280, 282, 23 N. W. 668, 669:

"This is an action to recover real estate, based alone upon a right of possession, and is an ordinary proceeding or action at law. As the plaintiff is not the owner of the legal title, such an action cannot be maintained."

But there plaintiff pleaded his right to possession by asserting what amounted to equitable title. It is the general rule that if title is relied upon to prove the right to immediate possession it must be legal title. See 28 C. J. S. 855, section 8, where it is stated: "As a general rule, plaintiff must also show that his title is a legal title * * *." Also, 18 Am. Jur. 23, section 21, where the rule is stated:

"In accordance with the rule that courts of law take no cognizance of equitable estates and deal only with legal titles, it is well established that in the absence of statute to the contrary, the plaintiff in an action of ejectment or other similar action must, whenever the action depends upon the title, and not upon some relation or agreement between the parties affecting the right of possession, have a legal title to the property

the possession of which is sought to be recovered, and that an equitable title in himself cannot avail as a basis for recovery.''

The ruling of the trial court sustaining the demurrer, and the judgment against plaintiff, are hereby reversed.—Reversed.

All JUSTICES concur.