DARWIN A. LARSON, Appellee, v. CORA B. BAKER et al., Appellants.

No. 46470.

NOVEMBER 14, 1944.

Lee & Walsh, of Ames, for appellants.

Ed Kelley, of Ames, for appellee.

MULRONEY, J.— █  Plaintiff sued in municipal court alleging that he was entitled to the possession of certain premises under a lease signed by the defendant Cora Baker wherein she leased the premises to plaintiff for one year commencing September 1, 1943. The plaintiff alleged that he had not abandoned or forfeited the lease but that the defendant Cora Baker "has since the 1st day of September * * * refused to deliver the (premises) up to plaintiff, and the defendant Cora B. Baker unlawfully keeps him out of possession * * * and (she) has leased the * * * property to the defendants, Mr. Gustaf H. Bliesner and Mrs. G. H. Bliesner who are now in possession of the * * * property." The prayer was for judgment for possession and damages. The defendants moved to dismiss the petition because (1) it did not state a cause of action and showed on its face that plaintiff was not entitled to any relief and (2) because the action was in ejectment and failed to show that plaintiff had title to the premises he sought to recover. Defendants attempted to amend this motion, before submission, to point out that the petition failed to state a cause of action because it failed to allege performance of the lease contract on the part of the plaintiff. The trial court sustained plaintiff's motion to strike the amendment as being an attempt to make a second motion, and then overruled the defendants' motion to dismiss the petition.

The defendants' answers admitted the execution of the lease but alleged it was breached and abandoned by the plaintiff before the property was leased to the Bliesners, and the sum of $50 paid by the plaintiff to Cora Baker at the time of the execution of the lease was returned to him. Plaintiff's reply admitted that his check for $50 had been returned to him but that he held a receipt signed by Cora Baker showing rent paid to October 15, 1943. A motion to strike the reply was overruled but a motion to make it more specific was sustained. The amendment to the reply, in compliance with the sustained motion, set up an agreement on or about September 8, 1943, wherein it was alleged defendant Baker was to deliver possession of

the premises by September 15th, return plaintiff's check for $50, and give plaintiff a receipt for rent paid in the sum of $75 or to October 15, 1943, in return for plaintiff's dismissal of a certain lawsuit he had brought against the defendant Baker after the plaintiff was in possession. This amendment was met with defendants' motion to strike, because it attempted to change the contract sued upon, and other grounds, but the same was overruled.

By agreement of the parties the case was tried to the court, which found for plaintiff and rendered judgment in his favor for possession of the premises and $50 damages. Defendants have appealed.

The testimony of the plaintiff established the execution of the lease which provided for the payment of $50 a month rent in advance, the delivery by the plaintiff of his check for $50 at the time the lease was executed, and the failure of the defendant Cora Baker to give possession on September 1st. Plaintiff testified he then instituted an action against Cora Baker for specific performance and thereafter plaintiff and said defendant entered into an agreement under the terms of which defendant Baker agreed to give plaintiff possession on September 15th and credit for $75 rent because of the delay in possession and because of the expense and inconvenience he had been put to. The defendant Baker returned the $50 check to plaintiff and gave him a written receipt for rent up to October 15, 1943. Plaintiff was to dismiss his earlier suit for specific performance after he was in possession. On September 13th defendant Baker informed plaintiff that she was not going to deliver possession to him on the 15th of September, or upon any other date; that she had been told the lease was not any good. The defendants introduced no testimony, but here allege error (1) in the trial court's order striking defendants' amendment to their motion to dismiss (2) in overruling defendants' motion to dismiss (3) in refusing to dismiss plaintiff's case because "there was a material variance" between the allegations of the petition and proof and (4) in allowing damages because there was no proof and same were settled by the rent allowance.

I. Of course, defendants' amendment to their motion to dismiss, made before the submission of the motion, should have been allowed. Rule 111, Iowa Rules of Civil Procedure, forbids the filing of more than one motion to dismiss, but it does not forbid the allowance of an amendment to a filed motion before its submission. The amendment merely made specific that which was too general in the original motion. The original motion sought dismissal because the petition "does not state a cause of action." The amendment was helpful as showing defendants' position that the petition did not state a cause of action because it failed to allege performance of the lease contract on plaintiff's part. No possible prejudice could have resulted from this ruling for the issue could have been presented under the original motion and the same issue was raised in the answer and objections to testimony and a subsequent motion to dismiss at the close of plaintiff's testimony.

II. The motion to dismiss was rightly overruled. Defendants are wrong when they state this is a suit upon a written contract. This is a statutory suit known as an action of ejectment, under chapter 517, Code of 1939. Hinman v. Sage, 213 Iowa 1320, 241 N. W. 406. It is not a suit "brought upon an executory contract" wherein plaintiff must allege performance on his part as defendants contend. In this action the petition is sufficient if it meets the requirements of section 12235, Code of 1939. There it is provided:

"The petition may state generally that the plaintiff is entitled to the possession of the premises * * * the quantity of his estate * * * the extent of his interest therein, and that the defendant unlawfully keeps him out of possession, and the damages, if any * * *."

It is enough to state that the petition in this "action of right" meets the statutory requirements. See, also, Jensen v. Nolte, 233 Iowa 636, 640, 10 N. W. 2d 47, 49.

III. The oral agreement for possession on September 15th, that resulted in the return of plaintiff's $50 check and the execution of the rent receipt in settlement of plaintiff's damages for failure to give him possession on September 1st, in return

for plaintiff's promise to dismiss the specific-performance action, did not result in any variance. The argument advanced by defendants that this is a suit upon a contract where plaintiff declares upon a written contract and seeks recovery upon a different contract is all answered by our earlier observation that this is not a suit upon a contract at all. Clearly plaintiff had a leasehold estate after the execution of the lease and the delivery of his check. The later agreement which resulted in the return of his check and the delivery of a receipt for rent paid did not work a rescission or modification of that estate except as to the date of possession. In fact, it would seem to confirm the granted leasehold interest.

IV. The damages allowed were almost nominal. The evidence showed plaintiff had been put to the expense of one move and·the trouble of preparing for another. The amount, $50, is just about what defendant Baker was willing to allow as indicated by the rent receipt for a month's occupancy rent free. The argument that all damages were paid by the receipt is specious in view of the record that plaintiff was at all times denied possession.

V. In an additional brief and argument filed in this court the defendants for the first time raise the question of the jurisdiction of the municipal court to hear this case. Section 10655, Code of 1939, gives municipal courts concurrent jurisdiction with district courts in all civil matters "except * * * those directly affecting the title to real estate." Defendants argue this action directly affects Cora Baker's title. We held in Jensen v. Nolte, supra, under identical facts, that the right to possession and not the title was the subject matter of such an action. Plaintiff's leasehold interest, upon which he bases his right to possession, secures for him the possessory rights he claims only when he recognizes and concedes the defendant Baker's title. In Jensen v. Nolte, supra, as here, the statement that in ejectment "plaintiff must recover on the strength of his own title" has been urged upon us as a rule of law that governs all ejectment cases. It is only a rule of law where plaintiff in ejectment is seeking his right to possession upon allegations that the title is in him. It has no application where,

as here, the right to possession is not based on assertions of title. The judgment of the trial court is affirmed.—Affirmed.

MANTZ, C. J., and HALE and WENNERSTRUM, JJ., concur.

SMITH, J., specially concurs.

OLIVER and GARFIELD, JJ., dissent.

SMITH, J. (specially concurring)—I concur fully in the majority opinion but would amplify the discussion in Division V, especially in view of the dissenting opinion of Justice Oliver.

There seems to be no difficulty in applying the language of section 12231, Code of Iowa, 1939, to permit an action of right by lessee. That section grants the remedy to *"Any person having a valid subsisting interest in real property, and a right to the immediate possession thereof."* We have squarely held that a leasehold is such an *interest.* Jensen v. Nolte, 233 Iowa 636, 639, 10 N. W. 2d 47.

Section 10655, Code of Iowa, 1939, excludes from the jurisdiction of municipal courts all actions ''directly affecting the title to real estate.'' Appellants contend and the dissenting opinion holds that a leasehold is a *title to real estate* within the meaning of this Code section. This contention, if successful, would result in taking from the municipal courts all jurisdiction of actions under chapter 517 of the Code, usually referred to as actions of right. It proceeds on the theory that when the owner of land executes a lease he divides his title and conveys a part of it to the lessee.

The rival lessees here both claim under the same landlord, defendant Cora B. Baker. Her title is not in issue. If the action were between lessees claiming under landlords claiming adversely to each other the case would be different. In that event each lessee would be upholding the title of his own lessor and the action would be one *affecting the title.*

It is pertinent to point out that the common-law action of ejectment was used for the very purpose of trying the landlord's title, by the use of a fictitious demise to one in whose name the action would be brought. See 28 C. J. S., Ejectment,

section 2. This was on the theory that plaintiff's right of possession was dependent on his landlord's title and plaintiff's success in the action would confirm that title.

Still earlier there were actions called "real actions for the recovery of the possession of lands." The result of those actions "was merely to restore claimant, if successful, to his former possession and decided nothing with respect to the ultimate right of recovery." The common-law action of ejectment succeeded the former real actions for the recovery of possession. 28 C. J. S., Ejectment, sections 1, 2.

In an earlier decision (1849), this court said:

"The 'act to allow and regulate the action of right,' (Rev. Stat.,) 626, enlarges upon the common law writ of right. It supersedes the action of ejectment, (§ 20,) and furnishes within its ample provisions an adequate remedy for mere possessory rights, and also to establish actual seizin, or inheritance in lands." Kerr v. Leighton, 2 (G. Greene) Iowa 196, 198 et seq.

The statute then, as shown by the opinion, top of page 199, was the same as our present Code, 1939, section 12231, which provides that the action may be brought "against any person acting as owner, landlord, or tenant of the property claimed."

That decision clearly distinguishes between cases in which the remedy is invoked to enforce "mere possessory rights" and those brought "to establish actual seizin or inheritance in lands," that is, those that *do not* and those that *do* "affect the title."

In Sasse v. Sparkman, Mo., 53 S. W. 2d 261, there was involved a controversy between the owners and one who claimed to be their tenant. The opinion of the Supreme Court of Missouri says:

"Appellant did not dispute respondents' title at the trial. Neither is the title of respondents challenged in appellant's brief on appeal.

"Title to real estate may be but is not necessarily involved in ejectment suits. The form of the action, in this case ejectment, does not of itself place the appellate jurisdiction in the

Supreme Court. * * * Title to real estate must be directly involved in order to vest jurisdiction in this court. * * *

"In this case the title was, by the evidence, conceded to be in respondents. * * * Where in an ejectment suit the title is conceded to be in a plaintiff, and the controversy is over possession only, title is not involved."

See, also, Drew v. Platt, 329 Mo. 442, 44 S. W. 2d 623, 52 S. W. 2d 1041.

The dissenting opinion cites Ewert v. Robinson, 8 Cir., Okla., 289 F. 740, 35 A. L. R. 219, which quite thoroughly reviews the theory of ejectment and many authorities. That case involved a so-called oil-and-gas lease which has been said to create a freehold estate. 32 Am. Jur., Landlord and Tenant, section 16. Oil and gas in place are realty. See Elder v. Miller, Tex. Civ. App., 116 S. W. 2d 1171, 1173; 22 Words and Phrases, Perm. Ed., 73. The Ewert case, 289 F. 751, refers to the "basic theory of the action" as laid down by Lord Mansfield, in Taylor v. Horde, 1 Burr. 119.

" 'An ejectment is a possessory remedy, and only competent where the lessor of the plaintiff may enter: * * * Every plaintiff in ejectment must shew a right of possession, *as well as of property* * * *.'" (Italics supplied.)

This refers to the same common-law action spoken of in Kerr v. Leighton, supra, as having been modified by our statute.

In the Nolte case, supra, we said a lease is a conveyance of a portion of the owner's *interest*. That is quite different from saying a portion of his title. Right of possession is, of course, an attribute of ownership or title, but it seems quite inaccurate to say that when he leases he divides his title and sells a part of it. Title surely cannot be so "divided." Under our law a leasehold is personalty. The owner can divide his title by conveying an estate for life, which is a freehold estate, and a part of the title. But he cannot do so merely by creating a leasehold which is personal property. I think when our statute, section 10655, uses the words "title to real estate" it means more than a mere temporary possessory interest.

In Drew v. Platt, supra, 329 Mo. 442, 444, 44 S. W. 2d 623, 624, it was said:

"We assume that the appeal was granted to this court on the theory that title to real estate is involved. 'Is a leasehold for a term of years *real estate?* If so, the title to real estate is involved.'" The opinion then quotes from other cases and concludes: "* * * we hold that since the leasehold in controversy * * * is, as at common law, personal property, the judgment appealed from does not therefore involve title to real estate and we do not have jurisdiction of this appeal on that ground."

I think the instant case did not affect the title to real estate within the meaning of our statute.

MANTZ, C. J., and HALE and WENNERSTRUM, JJ., join in this special concurrence.

OLIVER, J. (dissenting)—I respectfully dissent.

As stated in Division V of the majority opinion, Code section 10655 excepts from the jurisdiction of the municipal court actions "directly affecting the title to real estate."

Section 1 of Article XI of the Constitution of Iowa contains an analogous provision limiting the jurisdiction of a justice of the peace. Statutes of various states contain similar provisions. 21 C. J. S. 448, section 247; 31 Am. Jur. 734-736, sections 46-49; 14 Am. Jur. 407, section 208. In Krumweide v. Schroeder, 56 Iowa 160, 9 N. W. 107, a judgment of removal by a justice of the peace in an action by a lessee against his lessor was held void for lack of jurisdiction.

The case at bar was brought under chapter 517 of the Code, entitled "Recovery of Real Property." Such actions are frequently called actions of right. "Any person having a valid subsisting interest in real property, and a right to the immediate possession thereof, may recover the same" by such action. Code section 12231. "The plaintiff must recover on the strength of his own title." Code section 12232. "The petition may state generally that the plaintiff is entitled to the possession of the premises * * * also the quantity of his estate and the extent of his interest therein, and that the defendant unlawfully keeps him out of possession * * *." Code section 12235. "The verdict may specify the extent and quantity of the plaintiff's estate and the premises to which he is entitled * * *." Code sec-

tion 12245. A general verdict for plaintiff entitles him "to the quantity of interest or estate in the premises as set forth and described in the petition." Code section 12246.

Many other states have statutes regulating actions in the nature of ejectment. 28 C. J. S. 849, section 3. In 18 Am. Jur. 100, section 125, it is stated:

"The general effect of these statutory provisions is to render the action of ejectment one which affects the title of the property in dispute, as well as the right of possession."

Ewert v. Robinson, 8 Cir., Okla., 289 F. 740, 750-754, 35 A. L. R. 219, discusses various authorities which hold that in an action in ejectment by a tenant against his landlord the tenant's lease is his title. It quotes from Tyler on Ejectment, 169: " 'Clearly, a tenant for life, or for years, has the exclusive right of possession of the land, and his title, therefore, enables him to maintain the action of ejectment * * *.' " And again, quoting from Marshall v. Shafter, 32 Cal. 176, 194: " 'This right to the possession is title * * *.' " Other like statements are made or quoted with approval. The decision states that the lease amounted to a conveyance of an interest in the land and the lessee acquired such interest.

Tarpey v. Deseret Salt Co., 5 Utah 205, 214, 14 P. 338, 341, states:

"It [the lease] is not the title in fee, but it is of the same nature, yet a less estate—one of a lower grade. It is embraced within the fee, and is in subordination to it. The fee title includes the right to the possession. A party may convey a part of his right—his right to the possession."

Brown v. Armenta, 21 Ariz. 334, 336, 188 P. 260, 261, states:

"It is well settled that an action of ejectment lies to recover land held under a lease for a term of years. Where the holder of the lease attempts to recover possession by such action, he founds his recovery or right of possession upon an interest in the land arising from ownership of the lease upon the land."

The sentence last quoted also appears in Long v. Bagwell, 38 Okla. 312, 314, 133 P. 50, 51, followed by the statement:

"Of such action courts of justices of the peace have no jurisdiction."

In an annotation in 115 A. L. R. 514, a number of authorities are cited in support of a statement by the author, "A justice of the peace has no jurisdiction of an action in ejectment."

Kirschler v. Albanesius, 13 N. J. Misc. 366, 368, 178 A. 568, 569, was an ejectment action, based upon a lease and brought by a lessee in the court of common pleas of that state. We quote therefrom:

"It is argued that 'the title to the real estate,' referred to in the exception to the jurisdiction of the pleas, supra, means solely full freehold title, and does not include a mere right or claim to possession for less than freehold, such as a leasehold or term for years."

The court overruled this contention and held that under a statute giving the court of common pleas jurisdiction at law in civil actions, save those wherein the title to real estate is in question, said court had no jurisdiction of such action.

Grosso v. City of Lead, 9 S. D. 165, 167, 68 N. W. 310, referring to a statute limiting the jurisdiction of a justice court, quotes a statement, from Ehle v. Quackenboss, 6 Hill (N. Y.) 537, 539, that the word "title" as used in the statutes means "'precisely what it means in reference to the common law action of ejectment. It is synonymous with the right of possession.'"

With the exception of Missouri, most authorities from other jurisdictions agree that judgments in ejectment in cases of this kind directly affect title. See, also, Sartwell v. Sowles, 72 Vt. 270, 48 A. 11, 82 Am. St. Rep. 943; Davis v. Robinson, 374 Ill. 553, 30 N. E. 2d 52, 54.

It is true that municipal courts and justice courts have jurisdiction of actions of forcible entry and detainer. Herkimer v. Keeler, 109 Iowa 680, 685, 81 N. W. 178, 180, states:

"The action of forcible entry and detainer is a summary proceeding, and the question involved is the fact of possession alone, and not, necessarily, the right of possession. * * *

"It is expressly provided in Section 4216 [section 12274, Code of 1939] that the question of title cannot be investigated before a justice. The proceedings cannot be made a substitute for an action of right."

In State Exchange Bank v. Iblings, 190 Iowa 1045, 1049, 181 N. W. 423, 425, this court considered a contention that a judgment of the justice court in forcible entry and detainer adjudicated the right of possession, and stated:

"The fallacy of this claim is in the line that 'the plaintiff was adjudicated to have *the right of possession* of the property in question.' The action of forcible entry and detainer is a summary proceeding, and the only question involved is the fact of possession. This action cannot be made a substitute for an action of right. Herkimer v. Keeler, 109 Iowa 680. The *right of possession* cannot be determined in an action of forcible entry and detainer. The question involved is the fact of possession, not the right. Cagwin v. Chicago & N. W. R. Co., 114 Iowa 129; Delmonica Hotel Co. v. Smith, 112 Iowa 659; Denecke v. Miller, 142 Iowa 486.

"In expressing this legal principle, the language used in the opinions in some of the prior decisions of this court is not happily chosen, and the distinction between *possession* and the *right of possession* is not made. See Chambers v. Irish, 132 Iowa 319. * * *

"The judgment entered in the instant case * * * determined the only issue involved: the fact of possession. It did not preclude the defendants from asserting their *right of possession* or their *right of property* therein."

Our decisions point out that a judgment of a justice court or municipal court in forcible entry and detainer merely adjudicates the fact of possession and hence does not affect the title. A judgment in ejection adjudicates the right of possession, which in this case would be the lessee's title under his written lease. It is this "title" which Code section 12232 requires plaintiff to establish. Likewise, the language referring

to the form of the verdict (sections 12245 and 12246), extent and quantity of plaintiff's estate and quantity of interest or estate, here means the lessee's interest (title) under his lease. The judgment upon a verdict which determines a lessee's interest in the land under his lease is an adjudication affecting the title.

In Krumweide v. Schroeder, 56 Iowa 160, 9 N. W. 107, we decided the proposition involved in this case. That decision points out that the statute makes no provision for an action in forcible entry and detainer by a lessee against his lessor and holds that a justice of the peace has no jurisdiction of an action brought by a lessee against his lessor to secure possession of the leased premises.

It may be observed that, although the majority opinion in this case does not expressly overrule or even refer to the Krumweide case, it does, in effect, overrule that decision.

Division V of the majority opinion is largely based upon the following statement:

"We held in Jensen v. Nolte, supra [233 Iowa 636, 10 N. W. 2d 47], under identical facts, that the right to possession and not the title was the subject matter of such an action."

What we *held* in that case was that the lessee could maintain the action—in district court. The question was whether a leasehold interest was a sufficient basis for such an action. The reason given for our holding was that a lease "is a conveyance by the owner of a portion of the owner's interest therein to the lessee. It creates in the lessee an *interest* in the real estate." [233 Iowa 639, 10 N. W. 2d 49.] Such reason is contrary to the majority opinion in the case at bar and is in accord with the authorities referred to in this dissent.

The statement in the Jensen case which the majority tells us we "held" is:

"The issue as to the right to possession might rest on the question of title, but the subject matter of the action was not the title." [233 Iowa 638, 10 N. W. 2d 48.]

The context shows said statement had reference to actions of ejectment in general and not to actions by a lessee against his lessor in particular, as the majority infers. If the fore-

going statement supports the majority decision in this case it would likewise support a decision that no action in ejectment affects title.

I will not attempt to analyze the statement that the issue might rest on the question of title but the subject matter was not the title. In this case the issue does rest on the question of the lessee's title. As heretofore noted, the interest of the lessee in the land is his title. The judgment adjudicates the validity of such title.

The majority opinion again refers to Jensen v. Nolte and the statutory provision that plaintiff must recover on the strength of his own title. The majority opinion states that has no application here because "the right to possession is not based on assertions of title." No authority is cited to support this statement. It is contrary to the general rule recognized by the authorities hereinbefore cited that in a case of this character a leasehold interest is title and the written lease is documentary evidence of such title.

GARFIELD, J., joins in this dissent.